(LOCAL LAW.)

PATTON's *Lessee v.* EASTON.

Under the act of the legislature of Tennessee, passed in 1797, to explain an act of the legislature of North Carolina, of 1715, a possession of seven years is a bar only when held *under a grant, or a deed founded on a grant.*

The act of assembly vesting lands in the trustees of the town of Nashville, is a grant of those lands, and when the defendant show d no title under the trustees, nor under any other grant, his possession of seven years was held insufficient to protect his title, or bar that of the plaintiff under a conveyance from the trustees.

ERROR to the circuit court for the district of West Tennessee. This was an ejectment for one moiety of a lot of land lying in Nashville. The cause was argued at February term, 1815, by *Humphries* and

*Jones*, for the plaintiff in error, and by *P. B. Key* and *Swann*, for the defendant, and was continued for advisement to the present term.

MARSHALL, CH. J., delivered the opinion of the court.

The legislature of North Carolina, while Tennessee was a part of that state, passed an act establishing the town of Nashville, and vesting 200 acres of land in trustees, to be laid off in lots, and sold, and conveyed in the manner prescribed by the act. On the 1st of July, 1784, subsequent to the passage of the act establishing the town, the trustees executed a deed regularly conveying the lot, for a moiety of which this suit was brought to Abednigo Lewellin. On the 1st of April, 1810, Shadrack Lewellin, heir at law of Abednigo, who had then attained his full age of twenty-one years, for seven years and upwards, executed a deed conveying the land in controversy to Francis May; after which, and previous to the institution of this suit, Francis May conveyed the same land to the lessor of the plaintiff. The defendant produced a deed dated the 2d of February, 1793, executed by a certain Josiah Love, and purporting to convey the land in controversy to William T. Lewis. It appeared in evidence that Lewis had purchased the land fairly, and paid a valuable consideration for it, and that at the time no person was in possession of it. Immediately after this conveyance, Lewis entered into, and took full possession of, the premises, made valuable improvements thereon, and continued so possessed until the 14th of Februa

1816.

Patton's
Lessee
v.
Easton

March 21st.

ry, 1810, when he sold and conveyed the same to William Easton, the defendant, who entered into and took possession, and continued peaceably possessed thereof, until the 12th of November, 1810, when this suit was instituted. Upon this testimony, the defendant's counsel moved the court to instruct the jury that the defendant was protected in his possession of the premises by the laws of the land, and that by virtue of the said laws the plaintiff was barred from recovering the said parcel of ground and premises. On this question the judges were divided in opinion, which question and division have been certified to this court as prescribed by law.

The evidence is not so stated on the record as to present any point for the consideration of this court, other than the question whether a possession of seven years is, in this case, a bar to the plaintiff's action. This question depends on the construction of an act of the legislature of Tennessee, passed in the year 1797, to explain an act of the legislature of North Carolina, passed in the year 1715.

The act of 1715, after affirming, in the first and second sections, certain irregular deeds, previously made, under which possession had been held for seven years, enacts, in the third section, " that no person, or persons, or their heirs, which hereafter shall have any right, or title, to any lands, tenements, or hereditaments, shall thereunto enter or make claim, but within seven years after his, her, or heir right or title shall descend or accrue; and in

default thereof such person or persons so not entering or making default shall be utterly excluded and disabled from any entry or claim thereafter to be made." The fourth section contains the usual savings in favour of infants, &c., who are authorized within three years after their disabilities shall cease "to commence his or her suit, or make his or her entry." Persons beyond s.. are allowed eight years after their return; "but that all possessions held without suing such claim as aforesaid, shall be a perpetual bar against all and all manner of persons whatever, that the expectation of heirs may not, in a short time, leave much land unpossessed, and titles so perplexed that no man will know from whom to take or buy land."

The judges and lawyers of the state of North Carolina have been much divided on the construction of this act; some maintaining that, like other acts of limitation, it protects mere naked possession; others, that the first and second sections (which are retrospective) have such an influence on the third and fourth, (which are prospective,) as to limit their operation to a possession acquired and held by colour of title. This court is relieved from an investigation of these doubts by a case decided in the supreme court of North Carolina, in which it was finally determined that the act of 1715, afforded protection to those only who held by colour of title. This contest was maintained as strenuously in Tennessee after its separation from North Carolina as in the present state. Anterior to the decision of the supreme court of North Carolina, which has been mentioned

the legislature passed an act to settle " the true con- struction of the existing laws respecting seven years' possession," in which it is enacted, " that in all cases wherever any person, or persons, shall have had seven years' peaceable possession of any land, *by vir- tue of a grant, or deed of conveyance founded upon a grant,* and no legal claim by suit in law, by such, set up to said land, within the above term, that then, and in that case, the person, or persons, so holding possession as aforesaid, shall be entitled to hold pos- session in preference to all other claimants, such quantity of land as shall be specified in his, her, or their, said grant, or deed of conveyance, founded on a grant as aforesaid." The act then proceeds to bar the claim of those who shall neglect, for the term of seven years, to avail themselves of any title they may have. As not unfrequently happens, this explanatory law generated as many doubts as the law it was intended to explain. On the one part it was contended, that being designed for the sole purpose of removing all uncertainty respecting the construction of the act of 1715, its provisions ought to be limited to its avowed object, and a doubt had never existed whether it was necessary for a person in possession to show more than a colour of title; a deed acquired in good faith, in order to pro- tect himself under that act; so, nothing farther ought to be required in order to enable him to avail himself of the act of 1797. That if it should be necessary to trace a title up to a grant, the act of 1797, instead of quieting possession, would, in pre- cess of time, strip a very long possession of that pre-

tecting quality which the policy of all other coun-
tries bestowed upon it; that the act of 1797, was
obviously drawn with so much carelessness as, in
some of its parts, to exclude the possibility of a lite-
ral construction; and, for this reason, a more liberal
construction would be admissible in order to effect its
intent. It was, therefore, insisted not to be neces-
sary for the defendant, holding possession under a
*bona fide* conveyance of lands which had been actu-
ally granted, to deduce his title from the grant; but
that it was sufficient to show that the land had been
granted, and that he held a peaceable possession of
seven years under a deed. On the other part it was
contended, that, on this point, there is no ambiguity
in the words of the act. The seven years' posses-
sion, to be available, must be "by virtue of a grant,
or of a deed founded on a grant." It is as essential
that the deed should be founded on a grant, as that a
deed should exist. A possession of seven years does
no more in the one case than in the other bar a legal
title. The words of the act being perfectly clear;
they must be understood in their natural sense.
When confined to different deeds, founded on the
same patent, or to deeds founded on different patents,
for the same land, although some cases of fair pos-
session may be excluded from their operation, yet
they will apply to the great mass of cases arising in
the country.

This question, too, has, at length, been decided in
the supreme court of the state. Subsequent to the
division of opinion on this question, in the circuit
court, two cases have been decided in the supreme

court for the state of Tennessee, which have settled the construction of the act of 1797. It has been decided, that a possession of seven years is a bar only when held " under a grant, or a deed founded on a grant." The deed must be connected with the grant. This court concurs in that opinion. A deed cannot be " founded on a grant" which gives a title not derived in law or equity from that grant ; and the words *founded on a grant*, are too important to be discarded. The act of assembly vesting lands in the trustees of the town of Nashville, is a grant of those lands, and as the defendant shows no title under the trustees, nor under any other grant, his possession of seven years cannot protect his title, nor bar that of the plaintiff. And this is to be certified to the circuit court for the district of West Tennessee.

Certificate for the plaintiff.