## NANCY D. TOLL v. FRANCIS WRIGHT.

*Limitation of Actions for Recovery of Estate Sold by an Administrator.*

Statutes of limitation are statutes of repose, and must not be defeated by undue strictness of construction.

Statutes of limitation place one's title beyond question, not only as defendant but as plaintiff.

The idea of a statute of limitations is only to take away one's remedy for unreasonable negligence in the assertion of his rights.

The Michigan statute (Comp. L., § 4594) prohibiting any action for the recovery of any estate sold by an executor or administrator, after five years from the sale, is a statute of limitation, and covers cases where possession has been taken on sales purporting to be made for the payment of debts under the provisions of Chap. 163 of the Compiled Laws, and in pursuance of orders professedly based thereon; and this limitation applies, even if the sale was originally void.

The legislature can limit the time for bringing suit against an adverse holder even if his possession began under void proceedings.

An administrator's sale, when void for want of jurisdiction to order it, is not within Comp. L., § 7137, protecting one who holds land thereunder from a suit for its recovery after five years from the origin of a right of action.

Whether an order allowing an administrator to sell lands to pay for the support of the intestate's children as a lawful claim upon the estate, can be assailed collaterally, *quære?*

Judgment on a finding against the plaintiff was reversed on error and judgment entered for the plaintiff with costs of both courts; as no damages had been found, only nominal damages were held recoverable.

Error to Monroe. Submitted June 8. Decided June 19.

TRESPASS *quare clausum*, removed from justice's court on a plea of title, and decided against the plaintiff in a finding by the circuit judge without a jury. The facts are in the opinion.

*Gouverneur Morris* and *Atkinson & Atkinson* for plaintiff in error. A purchaser under a probate license need look back of it only to see that it was granted by the probate court of the proper county to the administrator. *Howard v. Moore,* 2 Mich., 226; *Coon v. Fry,* 6 Mich., 506. Adverse possession can be based on even a groundless title if entry is made under color of it, *La Frombois v. Jackson,* 8 Cow., 597; *Edgerton v. Bird,* 6 Wis., 527; *Vancleave v. Milliken,* 13 Ind., 106; *Lane v. Vick,* 3 How., 472; as on a void tax deed. *Hoffman v. Harrington,* 28 Mich., 90. See *Osman v. Traphagen,* 23 Mich., 80; *Jewett v. Petit,* 4 Mich., 508.

*O. A. Critchett* and *A. Wing* for defendant in error. An administrator's sale is void if licensed for an unauthorized purpose (*Heath v. Wells,* 5 Pick., 144; Rorer on Jud. Sales, §§ 236–7, and notes) and it cannot divest property rights. Cooley's Const. Lim., 398; *Wight v. Warner,* 1 Doug. (Mich.), 384; *Clark v. Holmes,* Id., 390; *Corwithe v. Griffing,* 21 Barb., 9; Rorer on Jud. Sales, §§ 474–8. Being void for want of jurisdiction, the statute of limitations cannot heal the defect. *Holyoke v. Haskins,* 5 Pick., 27; *Walker v. Turner,* 9 Wheat., 541; *Moore v. Brown,* 11 How., 413; *Powell's Lessee v. Harman,* 2 Pet., 241; *Patton's Lessee v. Easton,* 1 Wheat., 476; Cooley's Const. Lim., 107, n. 2.

COOLEY, C. J. The plaintiff in error was plaintiff in the court below. Her action was trespass *quare clausum*, and the facts were found by the circuit judge as follows: "The land in controversy is situate in Monroe county, Michigan, and formerly belonged in fee to Michael Seymour, who resided in said county, and died February 20th, 1849, intestate. Administration of his estate was granted to his widow, Christeine Seymour, by the probate court of Monroe county, May 27th, 1849, who accepted the trust, qualified and acted as administratrix.

"The files of said probate court in the estate of said deceased show that commissioners were appointed by said court to receive, examine and adjust claims against said estate; that said commissioners gave the notice required by law, performed their duty as such, and on the 7th day of January, 1850, made return of their proceedings as required by law, having allowed claims against said estate to the amount of ($70.15) seventy and fifteen one-hundredths dollars. To pay this indebtedness forty acres of land belonging to said estate were sold by said administratrix by order of the probate court, for the sum of $135.00, and the first administration account rendered on the twenty-sixth day of April, 1850, shows the debts and expenses of settlement of the estate paid and a balance of $10.34 in the hands of the administratrix. On the fourth day of April, 1859, the said administratrix presented to the probate court her petition, setting forth that the aforesaid forty acres of land had been sold to pay the debts of the deceased; that those debts were all paid; that there was nothing in the hands of the administratrix to support the four children of said deceased and asking leave of the court to sell the remaining forty acres belonging to said estate (being the land in controversy in this suit) which had been appraised in the inventory at one hundred and fifty dollars, for the purpose of supporting said children and to pay debts already contracted in their support and the charges of administering said estate, including future probable charges, estimated at $25.00.

"On the twenty-third day of May, 1859, the probate court

issued what purported to be a license for the sale of said remaining forty acres, which so-called license recited the facts in substance as set forth in the petition, including a recital that the debts said deceased owed at his death were fully paid, and purported to authorize the sale of said remaining forty acres for the purpose of supporting said children, and paying the debts already contracted in their support, as prayed in said petition.

"The bond on sale is dated May 25, 1859, and approved July 9, 1859. The oath before sale on file, was taken June 15, 1859. Affidavits of due publication and of posting notices of sale are on file. Sale made pursuant to notice July 30, 1859, for $440. A report of sale of the premises pursuant to such notice was made July 30, 1859, and the sale was confirmed August 1, 1859, and administrator's deed given August 1, 1859. The proof shows that the purchaser at the sale, and those claiming title under him, down to and including the plaintiff in this suit, have occupied the land continuously from the time of the sale without objection, until near the time of the commencement of this suit in August, 1876; that the land is all fenced, most of it improved, and has no buildings upon it; that the disabilities of the heirs at law had been removed for more than six years when suit was commenced.

"The proof also shows that the defendant in this case is the agent of the heirs at law, and all the heirs at law of said deceased, and as such agent, and by their authority, performed the acts complained of in this suit as trespass, and that Toll, the plaintiff, at the time of the alleged trespass, held the premises as a purchaser in good faith, under said administrator's deed, and that neither party to the suit was in actual occupancy."

It will be seen from this finding that the circuit judge was of opinion that the administrator's sale was absolutely void. The plaintiff disputes this conclusion, but she also insists that, conceding the sale to be void, she was entitled to recover, the defendant being precluded by Comp. L., §§

4594 and 4595 from disputing her title. The sections referred to are given in the margin.*

These sections are a part of the Revised Statutes of 1846, and are found in the chapter which empowers the probate courts to license the sale of lands by executors and administrators for the payment of debts, and the charges of administering the estate. In the general statute of limitations a section which was enacted in 1863 and took effect January 1, 1864, provides that "No person shall bring or maintain any action for the recovery of any lands, or the possession thereof, or make any entry thereupon, unless such action is commenced or entry made within the time herein limited therefor after the right to make such entry or to bring such action shall have first accrued to the plaintiff or to some person through whom he claims; to wit: within five years where the defendant claims title to the land in question by or through some deed made upon a sale thereof by an executor, administrator or guardian, or by a sheriff or other proper ministerial officer, under the order, judgment, decree or process of a court or legal tribunal of competent jurisdiction within this State." Comp. L., § 7137.

The defendant contends that the sections first above cited cannot support the plaintiff's title, because the sale under which she claims was not made for the payment of debts or the costs of administration, but was made, as the application itself shows, after the debts were paid and charges satisfied, and for a purpose which, however commendable, if legal, was not provided for by the statute under which

---

*(4594.) Sec. 50. No action for the recovery of any estate sold by an executor or administrator under the provisions of this chapter shall be maintained by any heir or other person claiming under the deceased testator or intestate, unless it be commenced within five years next after the sale; and no action for any estate sold in like manner by a guardian shall be maintained by the ward or by any claiming under him, unless it be commenced within five years next after the termination of the guardianship, except as hereinafter provided.

(4595.) Sec. 51. The preceding section shall not apply to persons out of the State, nor to minors or others under any legal disability to sue at the time when the right of action shall first accrue; but all such persons may commence such action at any time within five years after the removal of the disability, or their return to this State.

the proceedings purported to be taken. He also disputes the application to the case of the general statute of limitations lastly above recited. The question under this statute will first be considered.

That the plaintiff claims title to the land in question through a deed made upon a sale thereof by an administrator is shown by the finding. He is not, however, strictly within the words of the statute, because he is not demanding its shield of protection as defendant, but is relying upon it to support his cause of action as plaintiff. This however is not material; for if his title has become perfected under the statute, so that it cannot be questioned in a suit brought against him, neither can it in a suit brought by him. Cooley Const. Lim., 365, and cases cited in notes.

The principal question to be considered under this statute is, whether one can rely upon it without showing that the deed under which he claims was made to carry into effect a sale lawfully ordered. It is urged on behalf of the defendant with much ability that a void administrator's deed cannot form the foundation for an adverse possession under the statute; and that as the statute only purports to protect sales made under the order, etc., of a competent court, a sale made in reliance upon a void order is not within its provisions; that being in law no order.

There are some early decisions in which statutes more or less analogous were considered, and in which the conclusion was reached that the legislature must have intended a sale lawfully authorized, and that its meaning could not embrace a sale where the administrator or officer had proceeded without lawful warrant or authority. We shall refer to these cases, and also to others in which they have been examined and questioned.

Of the cases referred to, *Patton's Lessee v. Easton*, 1 Wheat., 476, and *Powell's Lessee v. Harman*, 2 Pet., 241, were cases in which the construction of a state statute adopted by a state court was followed, as being obligatory upon the federal courts. They were both overruled in *Green v. Neal's Lessee*, 6 Pet., 291, on the authority of a later state decision. They may consequently be dismissed

from consideration as being without weight as precedents. *Walker v. Turner*, 9 Wheat., 541 appears to have followed *Patton's Lessee v. Easton*, and must be considered as overruled with it. It is besides opposed to the decision of the Supreme Court of Tennessee in *Gray v. Darby's Lessee*, Mart. & Yerg., 396, and as the case involved the construction of a statute of Tennessee, the latter, on the well understood principle that the federal courts adopt and follow the construction which the state courts have adopted for the statutes of their own states, would be followed now by all courts in which the same question could arise, rather than the other. Another case that would favor the views of the defendant is *Moore v. Brown*, 11 How., 414. The statute of limitations which was in question in that case provided that "every real, possessory, ancestral or mixed action, or writ of right, brought for the recovery of any lands, tenements or hereditaments, of which any person may be possessed by actual residence thereon, having a connected title in law or equity deducible of record from this State or the United States, or from any public officer or other person authorized by the laws of the State to sell such land for the non-payment of taxes, or from any sheriff, marshal or other person authorized to sell such land upon execution, or any order, judgment or decree of any court of record, shall be brought within seven years next after possession being taken as aforesaid." The defendant in that case claimed under a deed of the land on a sale made for the satisfaction of delinquent taxes; and the majority of the court were of opinion that the statute was not meant to give protection to a person who was in possession under a deed void upon the face of it. The mode of determining whether the deed is so void, it is said, "is to test the deed by making a reference to the authority recited in it for making the sale, in connection with the act giving the auditor the power to sell. When the sale is found not to be in accordance with that power, the deed is void upon its face, because the action of the auditor is illegal, and the law presumes it to be known to a purchaser. The latter can acquire no title under it. Being a void deed, possession taken under it cannot be said

to be adverse and under color of title. What was the fact in this case? It is disclosed upon the face of the deed that the auditor sold the land short of the time prescribed by the act. It was not then a sale according to law. That must have been as well known by the purchaser as it was by the auditor." We have extracted thus much from the opinion for the purpose of showing the exact ground on which the decision was placed, and it is seen to have been this: that the deed itself, by its own recitals, and without going beyond them, fully notified the defendant that it was not given in pursuance of any legal authority and was void. It is not claimed that such was the case here. To discover the defect of jurisdiction, we must go beyond a deed apparently good to the petition for license to sell by which the proceeding was instituted.

The construction of this statute of 1863 has, however, once before been in controversy before us, and we were of opinion that an execution sale made upon a void judgment was not protected by it. *Millar v. Babcock*, 29 Mich., 526. The conclusion was derived from the phraseology of the statute, which does not protect sales as such, but sales made under judgments, etc. The case is in point here, and must deprive the plaintiff of the protection of the statute of 1863 if the order on which she relies was void for want of jurisdiction. This is a short and special statute of limitations, and no one can take advantage of its provisions who is not within them. The question here is not whether a void deed might not support an adverse possession, but whether an adverse possession has been had under such a deed as that statute indicates.

We should be compelled, therefore, before we could apply the statute of 1863 to the case, to find that the sale had been lawfully ordered. But under the statute first recited the case is different. By that it is sales made by executors and administrators "under the provisions of this chapter" that are protected. The chapter, as already stated, relates to sales for the payment of debts and the costs of administration. The defendant insists that the statute "was intended to apply to cases in which the court had jurisdiction, but

in which the proceedings are not void, but irregular and voidable.'' But it will be observed that the statute, unlike that of 1863, makes no reference whatever to the action of the court; it speaks of no order, and refers only to the sale, in making which the administrator is the sole actor.

But it is said the sale protected must be made "under the provisions" of the statute, and that it is not so made if the court had no jurisdiction to order it. In strictness this is true: but as every sale which would be defective for want of compliance with any provision of the statute, would also, in the same sense, be not made "under the provisions of the statute," we cannot suppose the legislature intended so narrow a construction. Indeed, such a construction would defeat the statute entirely; for no sale is strictly under the provisions of the statute which is made in disregard of the statute in any necessary particular. Unquestionably the statute was intended to protect parties in the occupation of lands against defects of some sort which without the statute would be fatal, or at least would render the proceedings voidable; in other words, to protect their occupation under proceedings which in some particulars had not been pursuant to the statute but in disregard of it.

What then is the meaning of the statute when it speaks of sales "by an executor or administrator under the provisions of this chapter?" It certainly does not mean valid sales, for those need no protection. Neither can it mean sales lawfully ordered; for it makes no mention of any order, and speaks of sales only. Neither can it mean sales in which the statute has in all important particulars been followed; for the manifest purpose is to make an undisputed possession cure defects in the proceedings. Indeed, it cannot possibly, as we conceive, mean more than this: a sale purporting to be made under the provisions of the chapter, and in pursuance of an order professedly based upon them. If the administrator with such an order has made sale under the provisions of this chapter and given a deed under which the necessary possession has been had, we think the case is fairly within the intent of the statute.

Was such the case here? We think it was. Indeed we

understand it to be conceded that the probate court in making its order must have supposed it was proceeding under this chapter; the complaint is, that the application for license to sell made out no case. But there was colorable ground for judicial action, if nothing more. The existence of charges of administration would have been a valid ground for an order, and if the court assumed that expenses for the support of the children would constitute a lawful claim against the estate, we are not prepared to say that the proceedings could· be assailed collaterally for any error in that regard. But it is enough for us to · conclude that here was an order for the sale of these lands made in reliance upon this statute, and a sale made in pursuance thereof. Both the judge of probate and the administrator must have supposed they had this statute for their warrant; they assumed to be acting in pursuance of its provisions, and we think nothing more is requisite to entitle the ·purchaser and those claiming under him to the benefits of the limitation. Statutes of limitation are statutes of repose, and we should seek in construing them to give them the operation intended. We must not defeat them by a strictness of construction it was never designed they should be subjected to. Let it be conceded that the administrator's sale was at the time void, the fact remains that the court assumed to order it under the provisions of this statute, and the administrator has followed its provisions in making the sale. It is consequently a sale "pursuant to the provisions" of the statute in the sense in which we understand the Legislature to have employed these terms.

But it is denied by the defendant that the legislature has power to validate a void sale. This is not what is attempted here as we think. The statute is intended as a statute of limitation in the proper sense. It is true that the section first recited provides that "no action for the recovery of any estate," etc., shall be maintained unless "commenced within five years next after the sale;" and if these words are taken literally they would seem to cut off an action at the expiration of five years though there had been no adverse possession. So construed the statute would

not be one of limitation, for the provision would apply equally to cases where parties were in the enjoyment of their rights and to those where they were deprived of them; but the idea of a statute of limitations is only this: that the remedy of the party is to be taken away because he is unreasonably negligent in the assertion of his rights. *Groesbeck v. Seeley*, 13 Mich., 329; *Case v. Dean*, 16 Mich., 12. But as actions "for the recovery" of lands are those to be barred, an adverse possession seems to be implied, and this is made more clear by the other section by which the rights are saved of persons who are under disability when their rights "shall first accrue." There is no question whatever that those who were infants are given by the statute five years after the adverse possession has commenced and after the disability has ceased, within which to bring suit. And we do not doubt the competency of the legislature thus to limit the time for bringing suit whether the adverse possession did or did not commence under void proceedings.

The conclusion is that the judgment must be reversed, and judgment entered for the plaintiff with costs of both courts. As no damages are found, nominal damages only can be recovered.

The other Justices concurred.