## PHILO DEXTER v. DAVID G. CRANSTON.

*Guardian's sale—Notice and proof of publication.*

A guardian's sale cannot be avoided for irregularity in the proceedings if the guardian was licensed to make it by a probate court of competent jurisdiction. Comp. L., § 4622, subd. 1.

Judicial notice is taken whether lands described by township and range in a guardian's petition for leave to sell, are located in a township described only by name in the notice of sale.

Where notice of a guardian's sale of land was ordered to be posted in three of the most public places in the township, and the proof of notice specified the places where it was actually posted, but did not state that they were the *most* public places, it was *held* that the notice and proof together were a sufficient state-

ment of the fact, and that if the probate court accepted it, the question could not be raised for the first time in the Supreme Court.

Comp. L., § 4560, requires notice of a guardian's sale to be published "six weeks successively next before such sale." *Held* that each week begins to run on the day of publication and that if fully six weeks' notice has been given and there is a fraction of a week left before the day of sale, it is not necessary that the notice should be published on the last recurrence of publication day immediately before sale; e. g., where notice of a sale to be held March 4 was first published January 12, it was not necessary to insert it after February 23.

Comp. L., § 4560, requires notice of a guardian's sale of land to be published in a newspaper *printed* in the county where the land lies. *Held* that an affidavit that it was published in a paper *published and circulating* in the county, taken in connection with an order of the probate court naming the paper and describing it as printed in the county, is sufficient; and that a publication in a paper printed in the county but not circulating there would not be a compliance.

Where a statute requires an affidavit of publication to be made by "the foreman of the printer of the newspaper" in which the notice appears, the objection that it purports to be made by an affiant who describes himself as a foreman of the paper, naming it, is more nice than wise.

Error to Livingston. Submitted June 19. Decided Oct. 8.

EJECTMENT by Dexter as heir-at-law of a former owner of the land, against Cranston who claimed title under a guardian's sale. Defendant had judgment and plaintiff brings error.

*Waddell & Montague* for plaintiff in error. The jurisdiction of a probate court to license a guardian's sale may be inquired into in a collateral action, and as the court is of special and limited jurisdiction, its jurisdiction must appear on the face of the proceedings, Cheever's Prob. Law, 19, 20; 2 Redf. Wills, 48, 49; *Clark v. Holmes*, 1 Doug. (Mich.), 394; *Palmer v. Oakley*, 2 id., 472; *Greenvault v. Farmers' & Mech. Bank*, 2 id., 507; *Arnold v. Nye*, 23 Mich., 292; *Ryder v. Flanders*, 30 Mich., 341; *Pope v. Cutler*, 34 Mich., 152; *Gillett v.*

*Needham,* 37 Mich., 143; *Elliott v. Peirsol,* 1 Pet., 340; *Grignon's Lessee v. Astor,* 2 How., 341; *Hickey's Lessee v. Stewart,* 3 How., 762; *Williamson v. Berry,* 8 How., 541; if want of jurisdiction appears on the face of the record, even in courts of general jurisdiction, a judgment on it will be treated as a nullity whenever rights are claimed under it, *Bloom v. Burdick,* 1 Hill, 139; *Wilson v. Arnold,* 5 Mich., 105; an affidavit of publication, if not by the person required by law to make it, is not evidence of any fact stated in it, *Perrien v. Fetters,* 35 Mich., 236; all statutory requirements in cases of guardian's sales must be observed, to acquire or retain jurisdiction, *Howard v. Moore,* 2 Mich., 229; *Heath v. Wells,* 5 Pick., 140; *Wellman v. Lawrence,* 15 Mass., 326; *Jackson v. Robinson,* 4 Wend., 441; *Jackson v. Irwin,* 10 Wend., 441; *Jackson v. Crawfords,* 12 Wend., 533; the right of a court that has once acquired jurisdiction to decide every question in the case only exists when it proceeds according to law, *Windsor v. McVeigh,* 93 U. S., 282; a guardian's failure to give a bond before selling his ward's lands, invalidates a purchaser's title, *Stewart v. Bailey,* 28 Mich., 252; *Ryder v. Flanders,* 30 Mich., 342; the requirements of Comp. L., § 4622, relating to guardian's sales, must all be observed, to sustain a title acquired under it, *Coon v. Fry,* 6 Mich., 506; *Woods v. Monroe,* 17 Mich., 240.

*H. H. Harmon* and *S. F. Hubbell* for defendant in error. A defect in a petition for leave to sell lands does not necessarily impair the jurisdiction of the court, if made good by the license; *Woods v. Monroe,* 17 Mich., 241; *Nichols v. Lee,* 10 Mich., 526.

Marston, J. Plaintiff in error brought an action of ejectment to recover possession of certain real estate. The court found that defendant was a *bona fide* purchaser, and that he had been in possession of the premises since September, 1866, having purchased from the grantee

under a guardian's sale made in 1864 under a license from the probate court of Livingston county, in which the lands were located. Many exceptions were taken to the records and files of the probate court touching the sale in question. Those relating to the sufficiency of the petition and proceedings thereunder we need not consider in detail, as under section 3116 of the Compiled Laws of 1857 (Comp. L., § 4622, subd. 1), and the case of *Toll v. Wright*, 37 Mich., 93, it must be held that the probate court did have jurisdiction and licensed the guardian to make the sale, and that the sufficiency of the petition cannot under the first subdivision of the section referred to, be questioned in this case.

The other questions raised all relate to the giving of notice of the time and place of the sale as required by law.

It is said that notices were not posted in the township in which the lands were situate. The proof by affidavit filed with the probate court showed that notices were posted in the township of Tyrone in the county of Livingston. The petition for leave to sell sets forth the descriptions of the land and the number of the township and range according to the government survey. The court will take judicial notice of the fact that the lands described in the petition were located in the township specified in the notice. It is next objected that the proof shows the notices to have been posted in three public places, specifying them, but does not state that these were the *most* public places in the township. We are of opinion the notice and proof thereof was sufficient. The places having been pointed out where the notices were posted, and the probate court having accepted the same as sufficient, the question cannot thus be raised in this court. The next objection considered worthy of notice relates to the sufficiency of the proof by affidavit of publication of the notice of sale in the newspaper. The statute requires the notice to be published for six weeks successively next before such sale. The affidavit of pub-

lication alleges that the notice was published "once in each week, for seven successive weeks, and that the first publication thereof was on the twelfth day of January." It is argued by counsel that the last publication was on February 23d; that the day fixed for the sale was March 4th, and that the notice should have been published on the first day of March. If published on the 1st day of March, but three days would have elapsed thereafter before the day of sale. Where a part of a week intervenes between the regular day of publication and the day of sale, the notice need not be inserted on the last day of publication previous to the sale, if full six weeks notice has previously been given. Each week commences to run on the day of publication. The notice having been inserted in the issue of February 23d, the week following thereafter would not end until the next day of publication, which would be March 2d. A notice given on that day of a sale to take place on March 4th could not be considered as one published one week next before the sale, nor could it be counted as a part of the six weeks notice required by law to be given. We think therefore that proper notice was given as required by the statute.

It is next urged that the statute requires the notice to be published in a newspaper *printed* in the county, while the affidavit shows it to have been given in a paper "published and circulating in the county." It is true the statute requires the notice to be published in a "newspaper, if there be one printed in the same county," but this means something more than the mere printing. At the present day the composition and press-work, or in other words the printing, may be done in one county while the publication and circulation may be exclusively in another, if not indeed sometimes in another State. The publication of a notice in a newspaper printed in a county in which it was not published or circulated would not be a compliance with the statute, no matter how literally it might be within the words thereof. The record in

this case shows that the probate court, by an order designated the paper in which the notice of sale should be published, viz.: "in the *Livingston Republican* a newspaper printed in the county," so that an examination of the entire record shows the notice was published in a newspaper printed, published and circulated in the county in which the lands were located and sold. This we think was a sufficient compliance with the statute.

The next objection is that the affidavit was made by one describing himself as "a foreman of the *Livingston Republican*" instead of by "the foreman of the printer of said newspaper." The criticism is we think more nice than wise. This objection and the one next following in the brief of counsel was not made when the notice was offered in evidence with proof of publication thereof, and we shall not therefore consider them farther, especially as we consider them not well taken. It appears, therefore, that the guardian gave notice of the time and place of sale as prescribed by law, and as all the objections urged are covered and included in the first and fourth subdivisions of section 3116 of the Compiled Laws of 1857, and we find that there has been a compliance therewith, the judgment must be affirmed with costs.

The other Justices concurred.