JOHN C. BLANCHARD AND GEORGE H. CAGWIN v. CHARLOTTE DeGRAFF.

*Guardian's sale, under Comp. L. 1857 § 3095—When attacked by party claiming under ward, making and filing of petition need not be shown—License—Filing or record of, not essential to validity of sale—Nor a confirmation of sale under the statute—Oath before sale—Where taken, failure to file or record will not invalidate sale—Lost records—Contents may be given in evidence.*

1. Where the validity of a guardian's sale of real estate, made pursuant to Comp. L. 1857 § 3095, is attacked by a party claiming under the ward, the making and filing of a petition, by the guardian, for such sale, need not be shown. Comp. L. 1857 § 3116.

2. Neither the filing nor recording of the license, issued in such a case, is necessary to make the sale had thereunder valid, nor the confirmation of such sale, under this statute.

3. Where, in such a case, the jury find specially that the required oaths were made and subscribed by the guardian, before the sale, the failure to file or record them will not invalidate the sale.

4. In a case like this, the questions are, was the sale licensed, the bond given, the oaths taken, the notice of sale given, and the premises sold at public auction, and are they now held by one who purchased them in good faith? These conditions must be established by the best evidence, and by the record, when the record exists and can be obtained; if not, then the next best evidence may be resorted to. If the record or the original papers have been lost or destroyed without fault or fraud on the part of the defendant, their contents may be given in evidence as in other cases. The rights of parties holding in good faith, require that they must, in such cases, be allowed to invoke the aid of all the means the law has provided for the protection of their interests; and it is the duty of courts to see to it that such aid is not withheld, on any technical grounds, or such rights defeated by unwarranted presumptions.

Error to Montcalm. (Smith, J.) Argued January 21 and 22, 1886. Decided February 17, 1886.

Ejectment. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*George H. Cagwin* and *Isaac Marston*, for appellants :

How. Stat. § 6085, requires, in order to obtain a license for the sale of an infant's real estate, that a petition be filed setting forth the condition of the estate of the ward, and the facts and circumstances on which the petition is founded, tending to show the necessity or expediency of a sale. This petition must be made and verified by the guardian, and is necessary to give the probate court jurisdiction : *Ryder v. Flanders*, 30 Mich. 336. The record, in this case, fails to show the filing of such a petition. The oath required by Comp. Laws, 1857, § 3107, was not taken before fixing the time and place of sale, and the guardian was undoubtedly laboring under a mistake of law when he made and filed the oath found in the files in probate court. There was no confirmation of sale, as required by Comp. Laws, 1857, § 3059, the only order made being an indorsement on the report of sale, as follows : "Filed, approved, and confirmed, and deed ordered to be executed to purchaser." The evidence did not tend to prove the loss of any papers, or the contents of lost papers, but was introduced for the sole purpose of supplying papers and records that never existed. A judge of probate should be able to determine, from the records and files in his office, whether any papers or records are lost, and until this fact appears from the testimony of the custodian, it is dangerous to allow parties to supply such lost papers and records, by parol evidence of their original existence and contents. Parol evidence is inadmissible to vary or alter records, and the statement or return of a person or officer " that he has done a certain act according to law," is not sufficient. He should state what he has done, and let the court determine its legal effect : *People v. Highway Commissioner of Nankin*, 14 Mich. 532. Apply that principle to this case, and the evidence should show the contents of the guardian's oath, and let the court determine if it was such as the statute required : *Harbaugh v. Martin*, 30 Mich. 234.

*John Lewis*, for defendant :

As strict proof is not required of ancient probate proceedings upon which a title is based, as if they were recent ; and every reasonable intendment should be made in support of the existing "possession": *Willetts v. Mandlebaum*, 28 Mich. 521. Letters of guardianship, issued under Comp. Laws, 1857, p. 969, §§ 1, 2 and 3, are sufficient evidence of the appointment of the guardian : *Kelley v. Edwards*, 38

Mich. 210; and the regularity of such appointment cannot be inquired into in a collateral proceeding: *Woods v. Monroe*, 17 Mich. 238; *Letson v. Reed*, 45 Mich. 27. On making proof of the loss of the petition, it was competent to prove that it was made and its contents: *Woods v. Monroe*, 17 Mich. 241; *Drake v. Kinsell*, 38 Mich. 232; *Simpson v. Norton*, 45 Maine 281. As to burden of proof of right to possession, see *Farmers'. & Mechanics' Bank v. Bronson*, 14 Mich. 361; *Anderson v. Walter*, 34 Mich. 113; *Gibbons v. Dunn*, 46 Mich. 146; *Cox v. Cox*, 59 Texas, 521; *Gay v. Parpart*, 106 U. S. 679; *Clapp v. Cunningham*, 50 Iowa, 307; *Heinemann v. Heard*, 62 N. Y. 448.

SHERWOOD, J. This case is ejectment, brought by plaintiffs, to recover an undivided one-fourth of the S. E. ¼ of the S. W. ¼ of section 6, in township 9 N., of range 7 W., being in the town of Fairplains, in the county of Montcalm. The plea was the general issue. The cause was tried before a jury in the Montcalm circuit, and the defendant obtained a verdict in her favor. The plaintiffs bring error.

Charles H. Miel died previous to 1864, and left five children to inherit his property. Four of the children were minors, and Daniel Swift was duly appointed their guardian, on the thirteenth day of August, 1864. Subsequently one of the minors died unmarried, and leaving no will. The remaining four children, therefore, took his interest in the property.

The interest of the minors in said property was sold by their guardian, Daniel Swift, to Charles H. Miel, an adult son of the deceased, and deeded to him on the fourth day of December, 1865; and it is through this sale and conveyance that the defendant derives her title.

The plaintiffs claim title through a deed of quitclaim made by one of the minor heirs after he became of age, whose name is Lucas M. Miel. The plaintiffs rely upon defects and irregularities in the proceedings by the guardian, in making the sale he did, to invalidate the same. Their claim is:

1. " That there never was any petition filed in the office of

the judge of probate, made by the guardian, as required by the statute.·

2. There was no license to sell granted.

3. There was no oath, such as was required by statute, made, taken, and filed with the judge of probate before fixing the time and place of sale.

4. There was no order of confirmation made by the judge of probate confirming the sale, as required by statute."

For these several reasons, counsel for the plaintiffs insist that the probate court never obtained any jurisdiction to order a sale of the minor's interest in the land in question, and that the sale thereof, made by his guardian, was void.

The purposes for which the sale was made by the guardian in this case are authorized and contained in Comp. L. 1857, § 3095, a copy of which will be found in the margin.[1]   And when a sale has been made for either of the purposes therein mentioned, by the guardian, the statute further provides that if certain things therein mentioned are complied with, it shall be held valid :   Comp. L. 1857, § 3116.   By a reference to this section, it will appear that the making of a petition by the guardian for the sale, and the filing thereof, need not be shown :   *Dexter v. Cranston*, 41· Mich. 448.

This disposes of the plaintiffs' first ground of objection. If, however, it were necessary to the validity of the sale to

---

[1] Sec. 3095,  " When it shall appear satisfactorily to the court, upon the petition of any such guardian, that it would be for the benefit of his ward that his real estate, or any part thereof, should be sold, and the proceeds thereof put out on interest, or invested in other more productive real estate, or in some productive stock, his guardian may sell the same for that purpose, upon obtaining a license therefor, and proceeding therein as hereinafter provided."   (How. Stat. § 6081.)

[2] Sec. 3116.  " In case of an action relating to any estate sold by a guardian under the provisions of this chapter, in which the ward, or any person claiming under him, shall contest the validity of the sale, the same shall not be avoided on account of any irregularity in the proceedings, provided it shall appear:

1.  That the guardian was licensed to make the sale by a probate court of competent jurisdiction;

2.  That he gave a bond which was approved by the judge of probate, in case any bond was required by the court, upon granting the license;

3.  That he took the oath prescribed in this chapter;

4.  That he gave notice of the time and place of sale as prescribed by law; and

,5.  That the premises were sold accordingly by public auction, and are held by one who purchased them in good faith.   (How. Stat. § 6102.)

show the existence of such petition, and the filing thereof, we think these facts sufficiently appear in the proofs. The defendant's title could not be defeated because such facts do not appear of record, provided the petition was actually made and filed; and the special verdict of the jury finds both these facts in favor of the defendant. No question is or can be made, but that the probate court for the county of Montcalm was a court of competent jurisdiction to order a sale of this minor's property, for the purposes mentioned in the statute quoted, by his guardian; and, if so, then the plaintiffs' second ground of objection cannot be sustained. It expressly appears by the testimony, that the judge of probate issued the license to the guardian to sell the minor's interest in the land in question, upon a hearing had upon the guardian's petition made for that purpose, and the special verdict finds that such license was filed in the probate court, though not recorded. Neither the filing nor recording of the license was necessary to make valid the sale, under the statute in this case. It must be remembered that the validity of these proceedings is attacked by a party claiming under the ward.

The plaintiffs' third ground of objection is not tenable. The validity of none of these proceedings is made to depend upon the filing or recording of the same. The questions are, was the sale licensed, the bond given, the oaths taken, the notice of sale given, and the premises sold at public auction and now held by one who purchased them in good faith? Of course these things must be established by the best evidence, and by the record, when the record exists and can be obtained; if not, then the next best evidence may be resorted to. If the record, or the original papers have been lost or destroyed without fault or fraud on the part of the defendant, their contents may be given in evidence as in other cases. The rights of parties holding in good faith require that they must, in such cases, be allowed to invoke the aid of all the means the law has provided for the protection of their interests, and it is the duty of courts to see to

it that such aid is not withheld on any technical grounds, or such rights defeated by unwarranted presumptions.

The testimony tends to show, and quite satisfactorily, we think, that the proper oaths were made by the guardian, and subscribed by him, and the jury so find in their special verdict. This must, therefore, end that question.

The plaintiffs' fourth ground of objection is equally untenable. The record, we think, clearly shows this. It appears therefrom, that the sale was regularly made and confirmed. The confirmation, under the statute, was really not essential to its validity; but if it were, we quite agree with the circuit judge that the confirmation proved was sufficient: Comp. Laws 1857, § 3116.

This review really disposes of the question most desirable to the parties bringing the case here. It is suggested, however, by the learned counsel for the plaintiff, that while it may be proper to show the contents of lost files or records, such proof can only be made after it has first been made clearly to appear that such files or records once existed, and that the evidence upon this point was not only very unsatisfactory, but entirely insufficient to be submitted to the jury. It is true the testimony in regard to some of the things required to be reduced to writing and signed and sworn to by the guardian, is somewhat vague and uncertain; but, when it appears that in making the papers the judge of probate adopted the ordinary blanks in use for that purpose, the testimony is greatly aided, and is about as definite and satisfactory as could well be expected after a lapse of eighteen years, and we do not feel at liberty to say it should not have been submitted to the jury. To hold otherwise, we think, would not be in harmony with the liberal view heretofore taken by this Court in such cases, and might prove destructive of hundreds of titles long since obtained, and regarded by all the parties interested as well settled, derived through the early proceedings in our probate courts.

We find no error in the rulings or charge of the court prejudicial to the rights of the plaintiffs, holding as we do

upon the main question in the case. The judgment at the circuit will therefore be affirmed.

CAMPBELL, C. J. and CHAMPLIN, J. concurred ; MORSE, J. did not sit.