HENRY B. KING, BY HIS NEXT FRIEND, v. JOSIAH R. NUNN AND JOSEPH WILLIAMS.

*Estates of deceased persons—Sale of real estate—Collateral attack —Good-faith purchaser.*

1. The determination of the probate judge that there were debts owing by the estate of a deceased person which justified a sale of the real estate belonging to the estate is not reviewable in a collateral proceeding, in which it appears that third parties have acquired rights in good faith, which cannot be protected in said proceeding; citing *Dexter v. Cranston*, 41 Mich. 448; *Blanchard v. DeGraff*, 60 Id. 107; *Norman v. Olney*, 64 Id. 553.

2. How. Stat. § 6076 (which provides that in case of an action relating to any estate sold by an administrator, in which an heir or other person claiming under the deceased shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings, provided it shall appear that the administrator was licensed to make the sale by the probate court having jurisdiction, that he gave the required bond, which was approved by the judge of probate, that he took the statutory oath, and gave the statutory notice of the time and place of sale, and that the premises were sold accordingly, and the sale confirmed by the court, and that they are held by a good-faith purchaser), protects the grantee of the grantee of an heir, who bid in the premises at administrator's sale, which deeds, though absolute in form, were intended as security merely, in an action of ejectment brought against said grantee by another heir to recover his interest in the premises, in which suit said statutory facts are made to appear.

Error to St. Clair. (Vance, J.) Submitted on briefs December 15, 1893. Decided April 10, 1894.

Ejectment. Plaintiff brings error. Affirmed, and case remanded for further proceedings. The facts are stated in the opinion.

*Chadwick & McIlwain,* for appellant.

*William M. Cline* and *Albert McCall,* for defendants.

MONTGOMERY, J. This is an ejectment for the undivided one-half of a village lot and building in the village of Marysville. The plaintiff gave evidence showing a *prima facie* right to recover, which consisted of proof that the property was the property of his mother in her lifetime, and that she, by her will, devised it, in equal parts, to himself and his half-sister, Nettie I. Tudhope. Defendants claimed under a sale made by the administrator of Mrs. King, and gave in evidence the proceedings in probate court, as follows: First, a petition to the probate court of St. Clair county for the probate of Mrs. King's will and for the appointment of an administrator, which petition was made by Nettie I. Tudhope October 3, 1887, and recited that she was of the age of 19 years, and that plaintiff was of the age of 14 years, and that these two were the sole heirs at law of deceased. No claim was made in the petition that there were any debts provable against the estate. An order admitting the will to probate, and appointing George H. Treadgold administrator, was made on November 7, 1887. No letters of administration appear to have issued until the 22d day of April, 1889, when the letters were issued to Mr. Treadgold, and an order was made appointing appraisers of the estate, which appraisal was returned May 20, 1889. On the 3d day of February, 1890, a petition for license to sell the real estate in question was filed, and on the 3d day of March, 1890, it was granted. Sale was made to Nettie I. Tudhope for the sum of $575. This sale was subsequently confirmed by the court, and defendants derived title by conveyances from her. William E. Leonard advanced to Mrs. Tudhope a sum of money on the security of the property, and received back a mortgage; being advised by

her attorney, Mr. Cline, that her title was good and the security good. Subsequently, he took a conveyance of the property as security, with the right to collect and receive the rents. The conveyance was by warranty deed. The defendant Nunn testified that Leonard conveyed to him upon his advancing to Leonard $400, and going on a bond for Mrs. Tudhope for $75; that he held the property as security for these claims; that he advanced the money, and went on the bond, on the advice of Mr. Cline that it was all right; that he never heard or knew of plaintiff's claim until after this suit was brought. Plaintiff's counsel then offered in evidence the report of the commissioners on claims, from which it appeared that the only claim allowed against the estate was one in favor of Nettie I. Tudhope, which claim was for moneys coming into the hands of the deceased while acting as guardian of Mrs. Tudhope. This Court subsequently held that the claim was not one which could be adjudicated before commissioners on claims. *Tudhope v. Potts*, 91 Mich. 490.

The circuit judge directed a verdict for the defendants. The plaintiff brings error, and relies upon three grounds for reversal:

1. That the letters of administration were without force, because of the lapse of time between the order of appointment and the issue of letters.

2. That, on the face of the record, the claim or debt proven was wholly void, and the circumstances and surroundings made it apparent that the action of the administrator and claimant was collusive, and with intent to perpetrate a legal fraud upon the plaintiff.

3. That the court erred in refusing to submit to the jury the question of whether Nettie I. Tudhope was a purchaser in good faith.

None of these contentions can be allowed. How. Stat. § 6076, provides that an administrator's sale shall not be void, provided it shall appear—First, that license was

granted by the probate court having jurisdiction; second, that the administrator gave a bond approved by the court; third, that he took the oath; fourth, that he gave the notice required; and, fifth, that the premises were sold, and sale confirmed, and they are held by one who purchased in good faith. All these steps were taken, and the undisputed testimony is that defendant Nunn is a good-faith purchaser, to the extent of the money he has invested. This statute has been many times applied by this Court, and it is well-settled law that the determination of the probate judge that there were debts owing by the estate which justified a sale of the real estate belonging to the estate cannot be reviewed in a collateral proceeding, in which it appears that third parties have acquired rights in good faith, which rights cannot be protected in the proceeding in question. *Dexter v. Cranston,* 41 Mich. 448; *Blanchard v. DeGraff,* 60 Id. 107; *Norman v. Olney,* 64 Id. 553. In the case at bar, it is true that the present holder of the title holds it subject to redemption by Nettie I. Tudhope, but his rights cannot be wholly disregarded because he has less than an absolute fee. The circuit judge very properly held that the remedy of plaintiff is in equity, where the rights of all concerned can be protected.

The judgment will be affirmed, and the case remanded for further proceedings.

The other Justices concurred.