DRABINSKI *v.* AUDITOR GENERAL.

1. NOTICE—PUBLICATION IN NEWSPAPERS.
   The physical act of the printing of a newspaper may, under certain circumstances, be performed at some point other than the place of publication without violating provision of statute that a notice shall be printed, published and circulated in the county in which the act, of which notice must be given, is to be performed.

2. SAME—PURPOSE OF PUBLICATION.
   The main purpose of the publication of legal notices is to give notice.

3. Newspapers—Publication of Notices—Purpose of Statute.

> The intent of the legislature in making provision for the giving of notice of tax sales by publication in a regularly established newspaper which is regularly printed and published and has a regular circulation in the county is to prevent the publication of legal notices in newspapers of limited circulation established solely for the purpose of publishing such notices (1 Comp. Laws 1929, § 3455, as amended by Act No. 37, Pub. Acts 1939).

4. Taxation—Publication of Order and Petition for Sale of Tax-Delinquent Lands—Designation of Newspaper.

> Statutory requirement as to newspapers in which order and petition for sale of lands delinquent for taxes are published that newspaper be used which has been "printed, published and circulated" upwards of a year prior to its designation by the auditor general was substantially and sufficiently complied with by designation of newspaper which had been published and circulated for more than minimum time required although the actual printing was temporarily done elsewhere during a portion of such period (1 Comp. Laws 1929, § 3455, as amended by Act No. 37, Pub. Acts 1939).

Petition for mandamus by Eugene J. Drabinski to compel Vernon J. Brown, Auditor General, to vacate designation of the North Muskegon News as the newspaper for the publication of notices, petitions, and orders pertaining to sale of tax-delinquent lands in Muskegon county, and to designate some other newspaper therefor. Submitted February 13, 1941. (Calendar No. 41,519.) Writ denied February 27, 1941.

*Noel P. Fox,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Kenneth G. Prettie* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant.

Chandler, J.   On August 31, 1940, the respondent, auditor general of the State of Michigan, desig-

nated the North Muskegon News as the newspaper in which to publish the list of lands to be advertised for sale for taxes in the county of Muskegon at the general tax sale to be held in May, 1941. The designation was accepted by the publisher of that newspaper on September 4, 1940.

The statute providing for the publication of notices of tax sales is 1 Comp. Laws 1929, § 3455, as amended by Act No. 37, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3455, Stat. Ann. 1940 Cum. Supp. § 7.108), and is as follows:

"The newspapers in which such order and petition are to be published shall be designated by the auditor general on or before the first day of September in each and every year, and not afterwards, unless the publisher of the paper so designated shall fail to accept such designation within 15 days after the same is made, or shall refuse or neglect to publish and print such order and petition, or unless, from any other cause, such publication shall became [become] * impracticable; in which case the auditor general shall designate some other paper for that purpose before the time limited for commencing such publication: *Provided*, That in counties where one or more regularly established newspapers have been printed, published and circulated more than 1 year prior to such designation, 1 of such papers shall be designated for the publication herein required."

The plaintiff is the publisher of the Tri-City Labor Review, a weekly newspaper, which has been regularly established, printed, published and circulated in Muskegon county for more than one year prior to the 1st day of September, 1940.

The proceeding is before us on petition of plaintiff who prays for a writ of mandamus requiring de-

---

* The word "become" appears in the original bill as passed by the legislature although the word "became" appears in the enrolled act signed by the governor.—REPORTER.

fendant, the auditor general, to vacate and set aside the designation by him of the North Muskegon News as the newspaper for the publication of tax-delinquency notices, petitions, and orders for the foreclosing of the State's tax lien on real property situated in the county of Muskegon, pursuant to the general property-tax law of the State of Michigan, and to designate in the place and stead of said North Muskegon News the Tri-City Labor Review, or a proper paper printed, published and circulated in said county.

The reason why said writ should issue, as alleged in said petition, is, in substance, that said North Muskegon News has not been continuously printed, published and circulated in the county of Muskegon for more than one year prior to the time said newspaper was designated by the auditor general as the medium for the publication of such notice of tax sale.

The defendant in response to an order to show cause why such writ should not be granted has filed his answer to said petition, to which answer the plaintiff has filed his reply, and it is upon the issue presented by these pleadings that this proceeding is now before us for determination.

From the record before us, we find that the North Muskegon News has for many years been a regularly established newspaper printed, published and circulated in the county of Muskegon, excepting that for a period, the actual printing of said newspaper, by the imprinting of the type on the paper, had been performed in another printing office in the county of Berrien, this State.

The question therefore presented is as to whether the statutory provision above noted requires a continuity of the act of actual printing in addition to the publication and circulation of a newspaper in the county in order to qualify it as a medium for the

publication of legal notices required by the statute. It is undisputed that the North Muskegon News owns its own building wherein its publication is actually printed and from which it is actually published and circulated. We find that it is an established newspaper and has been such for a period of more than one year prior to September 1, 1940, that it has been published and circulated in said county of Muskegon from its place of business continuously for more than one year prior to the time it was designated to carry publication of the tax notice required by law, and that the mere fact that the actual printing has been, for a portion of this period, performed elsewhere than in its established plant in Muskegon county does not detract from its status as a regularly established newspaper being printed, published and circulated in said county of Muskegon.

We are unable to find that the exact question here raised has heretofore been passed upon by this Court, but do think that we have heretofore recognized that the physical act of the printing of a newspaper may under certain circumstances be performed at some point other than the place of publication without violating the provision of the statute that a notice shall be printed, published and circulated in the county in which the act, of which notice must be given, is to be performed. We call attention to the case of *Dexter* v. *Cranston,* 41 Mich. 448. We quote from page 452:

"It is next urged that the statute requires the notice to be published in a newspaper *printed* in the county, while the affidavit shows it to have been given in a paper 'published and circulated in the county.' It is true the statute requires the notice to be published in a 'newspaper, if there be one printed in the same county' but this means something more than the mere printing. At the present

day the composition and presswork, or in other words the printing, may be done in one county while the publication and circulation may be exclusively in another, if not indeed sometimes in another State.''

We also call attention to the following from the 1892 annual report of the attorney general at page 44:

''Auditor General v. Aldrich, Circuit Judge. *Mandamus* to compel circuit judge to vacate his order setting aside certain taxes.   Granted.

''The circuit judge set aside certain delinquent taxes, on the ground that the 'Roscommon Democrat' the newspaper in which the notice of sale and the list of taxes were published, was not established two months at least prior to the 1st day of July of the year in which the lands were sold for taxes, as required by section 70 of the tax law of 1889.

''As shown by the evidence on the hearing the first issue of the paper was on April 22, 1891, and that on the 23d of April it was duly entered in the post office at Roscommon, Michigan, the county seat of the county in which the lands were located, and had ever since been regularly sent through the aforesaid post office to its subscribers in the county.   The printing press however was not taken to Roscommon and set up in running order until about May 13th, or a month and a half before the 1st day of July, the paper being printed in another county and from there sent to Roscommon, where it was circulated through the county.

''The only question in the case was whether a paper issued under such circumstances was an 'established' paper within the meaning of the statute; or, in other words, was it necessary that the printing should be done in the same county in which the paper was issued and circulated in order to make it established.

"The Court granted the writ, holding that the paper was an 'established' one within the meaning of the statute.

"No written opinion was filed."

The main purpose of the publication of legal notices is to give notice. The intent of the legislature in making provision for the giving of such notice is easily determined from a reading of the statutory provision noted above, and is this: that the legal notice required to be published shall be in a regularly established newspaper which is regularly printed and published and has a regular circulation in the county, thus preventing the publication of legal notices in newspapers of limited circulation established solely for the purpose of publishing such notices.

It clearly appears from this record that the North Muskegon News for a long time has been and now is a regularly established newspaper having its situs or place of business in Muskegon county; and it is a fair inference from the record before us that the actual printing of this newspaper in that county was only temporarily suspended. Under the circumstances there was a substantial and sufficient compliance with the statutory requirements.

Issuance of the writ of mandamus is denied, with costs to defendant.

SHARPE, C. J., and BUSHNELL, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. BOYLES, J., did not sit.