Mr. Justice Washington
delivered the opinion of the Court.
This was an ejectment brought in. May, 1818, in the Circuit Court fyr the District, of Tennessee, by the plaintiff-in error, to recover possession of a lot of ground in the town of Nashville, distinguished in the plan of the town,., as lot No. 85. Upon the trial of the cause, the plaintiff gave in evidence, a deed for flit* lot. in controversy, from the commissioners of the toivn of Nashville to the lessor of the plaintiff bearing date the 6th off August, 1790, and then proved the defendant to be in possession of the same at the time the suit was brought.
The defendant then gave in evidence a record of the; County.Court , of Davidson, in the State of Tennessee, by which it appears, that upon the complaint of Roger B. Sappington, administrator of- Mark B. Sappington, deceased, to a Justice of the Peace for the said county; supported by,his oath, ‘ that George Walker (the lessor of *542 the plaintiff) was justly indebted to him, as administrator aforesaid, as appears by the books-of the said Mark, to the amount of 20 dollars arid 25 cents, and that the said Walker was an inhabitant of another government, so that the ordinary process of law could hot be served upon him, an attachment, bearing date the 24th of April, 5804, was awarded by the magistrate against the estate of the said Walker, which the officer was, by the said process, directed to, secure, so as.to be liable to further proceedings to, be had before the;said Justice, or some other Justice for the said county. The return upon the attachment was, that no personal property was to be found ; and on the 26th of April, 1804, judgment was rendered by the magistrate in favour of the plaintiff for 20 dollars and 25 cents, and costs,
These proceedings, being carried into the Coun.ty Court of Davidson, the cause was there docketted,. and the defendant having appeared by attorney, a stay of six months, under the law, was. entered on the docket, At. the sessions of the Court, in October, 1804, the defendant entered special bail, and reprieved the property attached. The record then exhibits the following entry, viz. “ On which attachment the said administrator nb- . tained judgment before J. A. Parker, [who issued the attachment,] a Justice of. the Peace, on the 26th of April, 1804; which proceedings being brought up. to Dayidson County Court, April sessions, 1804, and a stay of further •proceedings ordered to the present sessions, (October, 1804,), at which sessions bail was entered, in order to *543 replevy the property attached; after which, and during the same sessions, the said Sappington moved the Court for an order to sell the property attached, whereupon the Court directed the .Clerk to issue orders of sale to the Sheriff, to sell the property attached.” The record proceeds to state, that, in pursuance of this judgment, orders of sale issued, returnable to the January sessions of 1805, but which did not appear to have been returned.
The defendant then gave in evidence á deed, dated the 22d of July, 1809, from the Sheriff of Davidson county to Roger B. Sappington, for the lot in question, purchased by him at public auction, under process of the Court of said county,. for non-payment of the taxes due upon the said lot. The defendant also gave in evidence, a deed from the, said Roger B. Sappington to Lemuel P. Turner, deceased, to whom the defendant was prdved to be heir and devisee. He further proved, that shortly after the deed by the Sheriff' to. Roger B. Sappington, he (the grantee) exercised acts of ownership on the lot in question, by cutting trees, quarrying stones, &c. which he continued to do until |he sold the lot to Turner, but that he never resided on the lot, or had any continued possession thereof, except as above stated.
The next evidence given by the defendant, was a deed, dated the day of January, 1806, from the Sheriff of Davidson county to Roger B. Sap-pington,. which, after reciting all the proceedings before mentioned, before the magistrate of Davidson county, and the Court of that county, in the suit of Sappington against Walker, the, writ of *544 vend. expo, to sell the said lot, issued by the said County Court, and the purchase of the same by the said Sappington, as the highest bidder» at public auction» conveys the said lot to him.
The defendant then proved, that in the year 1811 or 1812, Lemuel P. Turner commenced building a stone fence on this lot, which he was one or two years engaged in completing; that he commenced building a. house on the lot,, which he incessantly persevered in till it was finished, after which he removed into it, in 1812 or 1813.
Upon the above evidence, set forth in a bill of exceptions to the opinion of the Court, the charge to the jury was, that the deed from the Sheriff of Davidson county to R. B. Sappington, under the judgment of Sappington’s. administrator, against Walker,, was sufficient, if the jury.believed the facts to be as above, stated,, to vest the title of said Walker . .to .said lot in Sappington the purchaser at the execution sale; that the tribunal that adjudicated, and from whom toé execution issued, had jurisdiction .of the subject- matter, and that the parties,' too, were in Court.; that the deeds aforesaid were of such a colour or appearance of title as, connected with seyen years peaceable and continued possession, by the persons claiming under them» and the .grant to Walker, would protect the possession under-the statute of limitations. The fáct as to possession was left to the jury; The Judge further stated, that a. pspty, to he.protected by the statute,.-must have an adverse continued possession of the land in dispute, either by actually residing on it, or by *545 having it enclosed with a stone fence, and that a possession, by such enclosing or fence, would be sufficient, without an aetual residence on the land.
This charge, presents, for the. consideration of the Court, the following questions:
1. Whether the deed, from the Sheriff of Davidson county to Sappington, did vest in the latter a title, to the land in question ?
2. Whether, under the circumstances stated in the bill of exceptions, the possession of the.defendant was protected by the statute ef limitations of the State of Tennessee ?
3. Whether the Court below was right in the statement made to the jury, as to what, constitutes a possession to be protected by the act of limitations.
1. Whether the Sheriff’s deed conveyed to' Sappingtoft a title to the land in controversy, depends upon the Question, whether the sale was madq under the judgment of a tribunal having jurisdiction of the cause in which it was rendered. The judgment was rendered by a Justice of the Peace, upon an attachment issued by him against á non-resident, and returnable before himself; and the order for selling thé property attached, was made by the County Court, ,It does not, however, appear by the return made upon the attachment, that the lot in dispute, or any other property of Walker, was attached ; nor does it even appear, otherwise "than by a recital in the deed from the Sheriff to Sappington, that any process issued from the County Court, which' authorized the Sheriff to sell this lot. Evidence , was given by *546 the Clerk, that an execution issued, corresponding with the order of the Court, but that the exer cution could not be found. If the execution corresponded with the order of the Court, then it authorized the sale of the property attached ; and as the return of the constable does not state that any property was attached, it is difficult to perceive by what authority the lot in dispute was sold to Sappington. As to the recital in the deed from the Sheriff to Sappington, that the wrjt of vendí tioni exponas, under which, the sale was made, authorized the sale of this lot, it is inadmissible as evidence of that fact against the plaintiff, who was neither a party noi’ privy to the deed.
But passing by this objection to the validity of the sale, the Court will inquire, whether the same was sanctioned by the judgment of a tribunal having competent jurisdiction of the case in which it was rendered. It is, in the first place, by no means tobe admitted, that at the time these proceedings were instituted, a Justice of the Peace was authorized, by the laws of Tennessee, to issue an attachment against the estate of a non-resident debt- or, returnable before himself, and determinable by him. By the 19th, 20th, and 21st sections of. the act of 1794, a Justice of the Peace is empowered to issue an attachment, against the estate of a debtor who has removed, or is removing himself privately out of. the county, or who so absconds and conceals himself, that the ordinary process of law cannot be served upon him ; and álso, against the estate of a non-resident; but in all these cases, the attachment is to be returned *547 to the Court where the suit is cognizable, and is to be there adjudicated. This attachment may be levied on the lands, goods, and chattels of the debtor. By the 56th section of this act, the magistrate is authorized, in cases where by the said act he has jurisdiction, to ,issue an attachment, against the estate of an absconding or absent debt- or ; and the proceedings thereon, before him, are to be in a summary way, as on a warrant. The Court does not understand that this section extends to persons who are citizens and residents without the limits of Tennessee. It may well be doubted, then, whether the proceedings before the Justice were not, on this ground, coram non judice. But without giving a positive decision upon that point, the Court is of opinion, that the Justice had not jurisdiction of the subject matter, upon which his judgment was rendered. By the 52d section of the above act, jurisdiction is given to any Justice of the Peace, in cases of débts and demands amounting to twenty dollars and under, where the balance is due on any specialty, note, or agreement, for money or specific articles,, or for goods, wares and merchandise, sold and delivered, or work and labour done; in which cases he is empowered to'render judgment, and to award execution against the goods and chattels, or the body of the debtor. It is admitted by the counsel, that a subsequent law raised the jurisdiction of the Justice beyond the sum for which this judgment was rendered. By the act of 1786, which we understand is still, in force in Tennessee, it is provided, that when an *548 execution is in the hands of a constable, in consequence of a judgment of a Justice of the Peace, and there, shall be no personal property whereon to levy it, in such case he shall levy it on the real estate of the defendant, and make return thereof to the next County Court, that the Court may order the Sheriff to sell the said real estate, or enougli ther'eof, according to law. Whether it was under this act, that the proceedings before the magistrate found their way into the County . Court, it is impossible for this Court to decide.. It doris not seém to us, that the case is one which was provided for by that act, since it docs not appear that any execution was issued by the magistrate, upon his own judgment; or if any did issue, that it was levied on the real estate of the debtor, and returned to the County Court. Be all this as it may, the ground oí¡ the jurisdiction of the magistrate does not appear upon the face of the proceedings before him ; without which, the Court must consider them as coram nonjudicé. The cases of which he had cognizance, are-particularly enumerated in the f>2d section, before recited ; and it appears, by the record given in evidence, that the demand sworn to by Sappington, was for 20 dollars and 25 cents, as appeared by the books of his intestate. But this was not the assertion of a cause of action, for “ a balance due on any specialty, note or agreement, for money or specific articles, or for goods, wares and merchandise sold arid delivered, or for work and labour done.” It might have been for rent due, for money advanced, money received to the use of the plaintiff, and even for money claimed *549 by the plaintiff as due ex debito, and charged in the books of the intestate. It is obvious, that the magistrate had no authority to take cognizance of these cases, and of others, which might be stated; and since his jurisdiction was strictly special and limited, it is essential to the validity of his judgment, and of the proceedings under it, that the record should show that he acted upon a ca.se which the law submitted tó his jurisdiction. The order of the County Court, for the sale of the defendant’s land, having been founded upon this judgment} is exposed .to the same objection which applies to the judgment itself. If the judgment was void, an execution, or order of sale, founded upon it, was equally so. This Court must,- thérefore, decide-, that the deed from the Sheriff to Sappington, under whom the defendant claims, was utterly void, having been made without any legal authority.
2. The next question is, whether, únder the circumstances stated in the , bilL of exceptions, the possession of the defendant was protected by the statute of limitations of the State of Tennessee ? This statute, which passed iri the yepr 1797, enacts, “ that in all cases wherever any person or -persons shall have had seven years peaceable possession of any land, by virtue of.a grant, or deed of conveyance, founded upon a grant, and no legal claim, by suit in law be set up to said land, within the above said term, that then, and in that case, the person, &c. &c. holding possession as aforesaid, shall be entitled to hold, possession, iri preference to all other claimants, of such quantity of land as shall be specified in his, her, or their said grant. *550 or deed of conveyance, founded on a grant as aforesaid-”
In the case of Patton's lessee v. Easton, (1 Wheat. Rep. 476.) a construction of the above act was given by this Court, in which it was decided, that a possession of seven years is a bar, only when it is held under a grant, or under, a deed founded on a grant; and that, as the defendant, in that case, showed no title under the trustees of the town of Nashville,.nor under any other grant, his seven years possession was insufficient to protect his title, or to bar that of the plaintiff, under a conveyance from the trustees.
That was a stronger case for the defendant than the present; for in that the defendant gave in evidence a deed, for a valuable consideration, from Josiah Love to William T Lewis, at a time when the possession of the lane in controversy was vacant. That Lewis, immediately after the conveyance, took possession of the land, made valuable improvements thereon, and continued so possessed for about seventeen years, when he sold and conveyed the same to the defendant, who took and continued the possession until the ejectment was brought. Here, then, was an entry upon land in. the actual possession of no person, under a bona fide deed, and -a long continued possession under that title, which could not avail the defendant, because he could not trace a connected title up to a grant. In the present case, it appears, from the defendant’s own showing, that Sappington, under whom he claims, had no title. If the defendant claims under a grant, or under mesae conveyances, *551 which connect him with a grant, he gains a preference, by seven years possession, over all other claimants, however superior their title may be to his, independent of such possession. But this possession is of no value to him, unless he. can show such a title as is above described. The case of Harris and Holmes v. Bledsoe’s lessee, decided by the Supreme Court of Errors and Appeals of the State of Tennessee, in January, 1821, of which a manuscript report was handed to the Court, seems in principle to be undistinguishable from the present, except that in that, the defendant connected himself with a grant; if the state of the case, which is very imperfectly set forth, in the opinion of one of the Judges, is rightly understood by this Court. But the infirmity of the defendant’s title lay in one of the links of the chain, which was that of a deed from executors who had no power to sell and convey by the law, nor was it given by the will of the testator. Even a deed of confirmation, which was executed with a view to cure this defect in the title, was unavailing, “ because,” to use the language of one of the Judges, “ the act to be confirmed was void.” In the case before the Court, the defect in the defendant’s chain of title, is the want of authority in the Sheriff to convey to Sappington, which rendered his deed absolutely void.
The Court is, therefore, of opinion, that the Court below erred in stating to the jury that the deed to-Sappington, under the judgment of Sap-pington’s administrator against Walker, was sufficient to vest the title of Walker in Sappington; *552 and that the deeds referred to were of such a co-lour or appearance of title as, connected with seven years peaceable and continued possession, by the persons claiming under them, and the grant to Walker,. would- protect the possessor under the statute of limitations. It is deemed unnecessary to notice the third point, because, if the charge requires of a defendant more, than the law does, to entitle, him to the benefit of the seven years possession, it'is so far favourable to the plaintiff in error. It certainly does hot require of him less. . Neither does the Court notice the Sheriff’s deed to Sappington for the lot in controversy, purchased by him at public auction, under process of the County Court, for non-payment of taxes, as that subject was not noticed by the.Judge, in his charge to the jury, and it can, therefore, present no question for the consideration Of this Court.
Judgment reversed, and a venire facias de novo awarded.
Judgment. This cause came on to be heard, &c. Qh consideration whereof, his Court, is of . opinion, that the said Circuit Court <n ed in stating to the jury that the deed to R. B. Sappington, under the . judgment of said M. B. Sappington’s administrator against said Walker, was sufficient to vest.the title'of said Walker in said Sappington, and that the deeds referred to, were of such a co-lour or appearance of title, as, connected with 'seven years peaceable and continued possession, by the person claiming under them, and the grant *553 to said Walker, would protect the-possession under the statute of limitations. It is, therefore, ordered and adjudged, that the judgment of the said Circuit Court in this case be, and' the same hereby, is reversed and annulled.