

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00091-CV

_____

ANITA SAINT AND JONATHAN SAINT, APPELLANTS

V.

SAMUEL B. BLEDSOE AND DALE ROSE, ADMINISTRATOR OF THE ESTATE OF
BLAKE M. BLEDSOE, DECEASED, APPELLEES

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 225-11

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss
Concurring Opinion by Justice Carter

## OPINION

When, more than six months after the dismissal of their lawsuit for want of prosecution, Anita and Jonathan Saint[1] learned of the suit's dismissal, they filed a bill of review proceeding in an attempt to get their suit back on track. At the trial on their bill of review, the jury's answers to three of the jury questions prompted the trial court to dismiss Saint's bill of review with prejudice.[2] On appeal, Saint seeks a reversal of the trial court's judgment, claiming to have been given no notice of the trial court's intent to dismiss the suit or of the subsequent dismissal order.[3] We affirm the judgment of the trial court because (1) no violation of Saint's due process rights was established, (2) Saint was required to show lack of negligence, (3) the jury's affirmative finding of negligence is supported by sufficient evidence, and (4) no charge error was preserved.

The notice problem arose because, during the course of the personal injury lawsuit, Saint's counsel, Rodney Elkins, changed offices twice.[4] When the case originated, Elkins' address was 600 North Pearl Street, Suite 2250, Dallas, Texas 75201. We will refer to that as Elkins' first location. In March 2007, Elkins moved his office to 700 North Pearl Street, Suite 2150, Dallas, Texas 75201, a place we will refer to as Elkins' second location. In January 2010, Elkins moved to 12700 Hillcrest Road, Dallas, Texas 75230, his third location.

---

[1] For ease of reading, Jonathan and Anita will be collectively referred to in this opinion as "Saint."

[2] As the plaintiff in the original lawsuit, Saint sought damages from defendants Samuel B. Bledsoe and Blake M. Bledsoe for injuries suffered in a traffic accident. The traffic accident happened in 2004; the lawsuit was filed in 2006. Approximately six months after the accident, Blake passed away, and Dale Rose, as administrator of the Estate of Blake M. Bledsoe, was substituted as a party defendant.

[3] Saint presents two different sets of three multifarious appellate points. We discern the points of error from the arguments presented.

[4] Elkins was initially contacted to represent Saint in 2004.

2

Elkins notified the Upshur County District Clerk's Office of his change of address to the second location. The court's file did not, however, include a notice of Elkins' move to his third location.[5] Nonetheless, Elkins submitted a forwarding order to the United States Postal Service, advising of the move to his third location. Even after the latter move, Elkins ordinarily received mail forwarded from his second to his third location. The evidence, however, is that he did not receive the critical notice in this case, the notice of intent to dismiss the case for want of prosecution.

The Upshur County District Clerk's Office routinely places civil cases that are inactive for twelve months on the dismissal docket.[6] After a pending lawsuit reaches that age, the deputy clerk manually checks the file to look for any indication that the case might be active. Here, after having determined that the Saint case lacked recent activity, the deputy clerk then checked the entire file and concluded that Elkins' second location was the address to which notification should be mailed.[7] This address—recorded on an information worksheet—was given to the court coordinator, who used it to send the notice. The address written on the referenced worksheet was "700 N. Pearl St., Dallas, TX 75201," omitting Elkins' suite number.

Even though the postal forwarding order was in place when the notice of intent to dismiss for want of prosecution was mailed to counsel May 12, 2010, Elkins contends it was never

_____

[5]Testimony indicated that perhaps a staff person with Elkins might have telephoned the clerk's office to advise of an address change. There was no direct testimony that such a telephone call was placed. The deputy clerk testified that the clerk's office accepts only written changes of address.

[6]A computer program determines whether a case has been inactive for twelve months. "Inactivity" is determined by events occurring in the courtroom.

[7]The deputy clerk checks the addresses for all attorneys and records this information on a worksheet. This information is then given to the court coordinator, who sends the notices of intent to dismiss for want of prosecution to the attorneys of record.

received.[8]  The notice indicated that all motions to retain were to be heard August 4, 2010. Because no motion to retain the case on the docket was filed, Saint's lawsuit was dismissed August 4, 2010.

In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Nguyen v. Intertex*, *Inc.*, 93 S.W.3d 288, 293 (Tex. App.— Houston [14th Dist.] 2002, no pet.), *overruled on other grounds by Glassman v. Goodfriend*, 347 S.W.3d 772 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Harris v. Elm Oil Co.*, 183 S.W.2d 216, 218 (Tex. Civ. App.—Texarkana 1944, writ ref'd w.r.m.).  The trial court may be reversed for abusing its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).  When an appellate issue concerns a question of law, the appellate court reviews de novo the trial court's decision. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2005, no pet.).  "Because it is fundamentally important that finality be accorded to judgments, bills of review are always watched by courts of equity 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Ponsart v. Citicorp Vendor Fin.*, *Inc.*, 89 S.W.3d 285, 288 (Tex. App.—Texarkana 2002, no pet.) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984) (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)).

---

[8]If a notice is not received by the person to whom it is mailed, the court coordinator receives those returns in the mail.  The coordinator checked all returned mail, but was unable to find any returns addressed to Elkins.  Counsel for Bledsoe received a copy of the notice in mid-May 2010.  A hearing took place August 4, 2010, at which time the trial court dismissed Saint's personal injury lawsuit for want of prosecution.  Counsel for Bledsoe was present at this hearing.

4

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Caldwell v. Barnes (II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *see also* TEX. R. CIV. P. 329b(f) (on expiration of time within which trial court has plenary power, "a judgment cannot be set aside by the trial court except by bill of review for sufficient cause"). A bill-of-review plaintiff must ordinarily prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Caldwell (II)*, 154 S.W.3d at 96. Here, the jury found official mistake, mixed with negligence on the part of Saint's attorney and Saint. "[W]hen a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Caldwell (II)*, 154 S.W.3d at 96 ("Bill of review plaintiffs claiming non-service . . . are relieved of two elements ordinarily required to be proved in a bill of review proceeding."). The third bill-of-review element is lack of fault or negligence. This element must nevertheless be proved—namely that the judgment was rendered unmixed with any fault or negligence by the bill-of-review plaintiff. However, lack of negligence is conclusively established if the bill-of-review plaintiff proves that it was never served with process. *Caldwell (II)*, 154 S.W.3d at 96–97.

Here, Saint claims to have never been served with a dispositive notice—the notice of intent to dismiss for want of prosecution. Saint further claims to never having received a copy of

5

the order of dismissal from the trial court. Saint therefore alleges that lack of negligence was conclusively established and that the dismissal therefore denied Saint due process.

*(1)    No Violation of Saint's Due Process Rights Was Established*

> It is well established that once a bill-of-review plaintiff proves the absence of service or the lack of notice of the dispositive trial setting, the plaintiff is then relieved of proving the traditional bill-of-review elements and the court should grant the plaintiff's bill of review.[9]

*Mabon Ltd.*, 369 S.W.3d at 810 (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)). First, if there was no service to a plaintiff, constitutional due process relieves the plaintiff from the necessity of showing a meritorious defense. *Caldwell (II)*, 154 S.W.3d at 96. Second, the plaintiff is relieved from showing that fraud, accident, wrongful act, or official mistake prevented him from presenting a meritorious defense. *Id*. at 96–97. Even so, the bill-of-review plaintiff alleging nonservice must still establish the third and final element required in a bill-of-review proceeding, namely, that the judgment was rendered due to causes unmixed with any fault or negligence on plaintiff's part. *Id*. Lack of negligence is conclusively established if the bill-of-review plaintiff can prove there was no service. *Id.* at 97; *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 84, 87 (1988). One who was not served with process cannot be at fault or negligent in allowing a judgment to be entered. *Caldwell (II)*, 154 S.W.3d at 96–97.

---

[9]Before a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss and the date and place of the dismissal hearing to each attorney of record. TEX. R. CIV. P. 165a(1). Failure to send such notice to the address shown in the file of the case being dismissed meets the second prong of the test for a bill of review. *Osterloh v. Ohio Decorative Prod., Inc.*, 881 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1994, no writ). Rule 165a(1) also requires the trial court to give notice of the signing of the dismissal order in the manner required by Rule 306a. TEX. R. CIV. P. 165a(1), 306a(3). Failure of the clerk to provide notice of signing of the judgment, as required by Rule 306a(3), is grounds for granting relief if the other bill of review elements have been met. *Petro–Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974).

Because failure to send any service conclusively negates the intended recipient's fault or negligence, the question of service—when disputed—is properly resolved at trial. *Garza v. Attorney Gen.*, 166 S.W.3d 799, 810 (Tex. App.—Corpus Christi 2005, no pet.). This issue traditionally occurs in a default judgment setting. The Texas Supreme Court has outlined the procedure to be followed when a plaintiff seeks a bill of review based solely on a claim regarding lack of service:

> When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned on an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case.

*Caldwell (II)*, 154 S.W.3d at 97–98. Situations, however, in which a party has not been subjected to the jurisdiction of the court because there was no service are distinguished from a situation in which, as here, a party knew the case was pending and inadequately protected his or her rights.

*Mathews v. Harris Methodist*, *Fort Worth*, 834 S.W.2d 582, 583 (Tex. App.—Fort Worth 1992, writ denied), was such a case. There, the bill-of-review plaintiffs sought to revive their case after it was dismissed for want of prosecution. Counsel for plaintiffs testified that he did not receive notice of the dismissal until after the case was dismissed. As in this case, when the underlying personal injury case was filed, counsel was at one address but moved to a new location during the pendency of the case. As in this case, counsel provided a forwarding notice to the postal service. The attorney continued to receive mail forwarded from his previous

7

address but did not receive notice that the case was on the dismissal docket or had been dismissed. Mathews' attorney did not notify the court of his address change. Because adverse action was taken without notice, Mathews claimed he was deprived of his due-process rights.

The Fort Worth court affirmed the trial court's denial of the bill of review, rejecting the argument that counsel's failure to receive notice before dismissal deprived Mathews of due process. *Id*. at 584–85. The court distinguished cases in which service of process was absent, asserting that "it is much more easily understood how that party was deprived of his right to due process as opposed to appellants who filed suit themselves, invoked the jurisdiction of the court and then failed to give that court notice of where they could be reached." *Id*. In further distinguishing the cases on which Mathews relied—*Peralta*, 485 U.S. 80, and *Lopez v. Lopez*, 757 S.W.2d 721 (Tex. 1988)[10]—the court explained:

> The *Lopez* decision involved a defendant who was never notified of a trial setting and consequently, failed to appear. The gravity of the lack of notice in these cases is more readily apparent than in the present case. These decisions in *Peralta* and *Lopez* involve a complete lack of notice without fault of the party who did not receive notice. In the present case it cannot be said that appellants' attorney was without fault because he knew that he had a case pending yet failed to give the district court notice of his new address.

*Mathews*, 834 S.W.2d at 585. Mathews' due-process argument was overruled.

---

[10]*Lopez* involved a defendant who was not notified of a trial setting after the withdrawal of his attorney (who was not replaced) and consequently did not appear. Lopez filed a motion for new trial. The Supreme Court determined that such motion was subject to the requirements of *Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. 1939). One such requirement is that the defendant support his motion for new trial with an affidavit which factually sets up a meritorious defense. Because Lopez did not do this, the court of appeals determined that the trial court did not err in overruling his motion for new trial. This judgment was reversed because it conflicted with *Peralta*. The record established that, because Lopez had no actual or constructive notice of the trial setting, he was not required to show that he had a meritorious defense as a condition to granting his motion for new trial. Such a requirement, in the absence of notice, violates due-process rights. *Lopez*, 757 S.W.2d at 723 (citing *Peralta*, 485 U.S. 80).

8

Here, Saint likewise relies on *Peralta* for the proposition that a dismissal docket setting of which Saint did not receive notice constitutes a violation of due-process rights. *Peralta* involved a defendant who had no service of process and had not submitted to the jurisdiction of the court when a default judgment was entered against him. *Peralta*, 485 U.S. at 81–82. The judgment was abstracted and recorded, a writ of attachment was issued, and the defendant's real property was sold at a constable's sale. *Id.*

Peralta instituted a bill-of-review proceeding, alleging that defective service rendered the default judgment void. *Id.* The opposing party successfully urged a motion for summary judgment alleging that Peralta lacked a meritorious defense to the underlying suit. *Id.* at 81–84. The Houston First Court of Appeals and the Texas Supreme Court both affirmed the summary judgment awarded by the trial court. In *Peralta*, it was assumed throughout the litigation that defective service excused Peralta's proof of the second and third requirements (mistake unmixed with any fault or negligence on part of bill-of-review plaintiff) for obtaining a bill of review. *Id.* at 82–84. The opposing party contended, however, that Peralta's lack of a meritorious defense (the first requirement) excused its defective service. *Id.*

The Supreme Court of the United States reversed. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Id.* at 84 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Failure to give notice violates 'the most rudimentary demands of due process.'" *Id.* (quoting *Armstrong v. Manzo*, 380

9

U.S. 545, 550 (1965)). "Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense on the merits.'" *Id.* at 86–87 (quoting *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424 (1915)). Only wiping the slate clean would have restored Peralta to the position he would have occupied had due process of law been accorded him in the first place. *Peralta*, 485 U.S. at 87.

The principles of *Peralta* have been extended beyond the default judgment setting. In *Gutierrez v. Lone Star National Bank*, 960 S.W.2d 211 (Tex. App.—Corpus Christi 1997, pet. denied), the Corpus Christi Court applied *Peralta* to determine the trial court erred in the denial of Gutierrez's bill of review where his case was dismissed for want of prosecution. In that case, a notice of intent to dismiss for want of prosecution was sent to the attorney representing Lone Star National Bank. The letter indicated that copies were sent to the attorney for defendants in the underlying proceeding (not parties to the appeal). The letter did not indicate that it was sent to Gutierrez or either of her attorneys, Quintana or Flores. As in this case, the docket sheet contained no entry regarding the mailing of the dismissal hearing notice. A dismissal order was entered approximately a month after the hearing. The docket sheet indicated that the order of dismissal was mailed to all parties. Gutierrez filed a bill of review, alleging that counsel did not receive notice of the hearing and that no notice was received of the dismissal order. *Id*. at 212.

At the bill of review trial, Lone Star National Bank called a deputy district clerk who testified that she sent the order of dismissal. She testified on cross-examination, however, that, because the docket did not indicate that notice of intent to dismiss was sent, somebody did not do

10

their job. Gutierrez' attorneys testified that they did not receive the notice of the dismissal hearing, the order of dismissal, or the order denying the bill of review. Relief was denied. *Id.*

On appeal of the denial of the bill of review, the appellate court found *Peralta* to be analogous. The *Gutierrez* court announced that, in its opinion, "*Peralta* stands for the general proposition that improper notice to a party of proceedings, when notice is required, invalidates subsequent court proceedings vis-a-vis the party who did not receive notice." The court noted that the district clerk should have forwarded the notice of dismissal hearing to Quintana, Gutierrez' attorney in charge. The deputy clerk testified that no notice of the hearing was forwarded to Gutierrez or her attorneys. The deputy clerk also testified that the notice of the signing of the order of dismissal was sent to Gutierrez' attorney. Even though the trial court determined that Gutierrez or her attorneys were served notice of the signing of the order of dismissal, such a determination, said the court, was not dispositive, since a plaintiff is entitled to *both* notice of hearing and notice of dismissal order. *Id*. at 215. The court therefore determined that the proof of the first two elements (meritorious claim and mistake) was not required.

The court then analyzed the third element of proving that the dismissal was "unmixed with any fault or negligence on her own part." *Id*. at 215–16. The Gutierrez' attorneys claimed that they were not at fault in failing to receive notice. Lone Star National Bank did not dispute this claim. Instead, Lone Star National Bank argued that lack of notice regarding the dismissal hearing should not deny finality to the order of dismissal because dismissal was inevitable, due to the age of the lawsuit. This reasoning had been rejected in *Peralta*. The resulting ruling was that the trial court had erred in denying the bill of review. *Id.* at 214.

11

So, while the principles of *Peralta* apply in a situation in which a case is dismissed for want of prosecution, the inquiry does not end when it is determined simply that notice was not received. The failure to receive a sent notice, both of the hearing and of the dismissal, must have been unmixed with the negligence of the bill-of-review plaintiff. In this key respect, *Gutierrez* is different from this case.

Here, Elkins had a continuing obligation to supply the trial court with a current address. *See Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (continuing obligation under Rule 21a of Texas Rules of Civil Procedure to keep court and parties apprised of correct current address). The most recent address on file with the court was 700 North Pearl Street, Suite 2150. Even assuming the notice was not received due to the clerk's failure to include a suite number on the out-of-date address, this problem would not have occurred in the first instance had Elkins advised the court of his then-current Hillcrest Road address. The jury thus was authorized to find fault on the part of Saint and her attorney in failing to receive the sent notice. Where, as here, the bill-of-review plaintiff's alleged lack of notice is at least partly his or her own fault, there is no due-process issue. *See, e.g.*, *Carroll*, 514 S.W.2d at 246; *Gracey v. West*, 422 S.W.2d 913, 918–19 (Tex. 1968); *see also*, *Mathews*, 834 S.W.2d at 584–85.

In *Carroll*, all parties appeared and participated in a jury trial. *Carroll*, 514 S.W.2d at 242. A judgment was entered after a jury trial. However, the clerk failed to send notice of the judgment, and the defendant did not learn of the judgment until execution attempts began. Under predecessor Rule 306a(3) to the current Texas Rules of Civil Procedure, the clerk was

12

required to "[i]mmediately on the signing of any final judgment or other appealable order, . . . mail a postcard notice thereof to each party to the suit." *Id*. at 244. Because of the clerk's failure to inform it that the judgment had been signed, Petro-Chemical missed the deadlines for filing a motion for new trial and advancing an appeal. Petro-Chemical filed a bill of review, pointing to the clerk's failure to send the required notice. The high court agreed, holding that "a bill of review may be predicated on the clerk's failure to send the [required] notice." *Id*. at 245. The high court required, however, that, even in this situation, the bill-of-review plaintiff "had the burden of showing that its failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of [it] or its counsel." *Id*. at 246. In reaching this conclusion, the court quoted *Kelly v. Wright*, 188 S.W.2d 983, 986 (Tex. 1945):

> No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel.

*Carroll*, 514 S.W.2d at 246 (quoting *Kelly*, 188 S.W.2d at 986).[11]

Finally, Saint relies on *Mabon Ltd. v. Afri-Carib Enterprises* in support of her claim that her due-process rights were violated based on lack of notice. *Mabon Ltd.*, 369 S.W.3d 809. Mabon Limited was sued for breach of contract, received the initial service of process, and hired counsel—an attorney who, it turns out, was, at that time, suspended from the practice of law. Mabon Limited's attorney answered the lawsuit and filed a special appearance. Mabon Limited's counsel was sent notice of the trial setting, but did not appear when the case was

---

[11]Because several issues concerning negligence on the part of the defendant were submitted improperly, the jury was unable to answer any of them. *Carroll*, 514 S.W.2d at 246.

called. A default judgment was entered against Mabon Limited. Notice of the default judgment was sent to Mabon Limited's counsel, but counsel did not notify his client. Mabon Limited learned of the default judgment when collection efforts were instituted. *Mabon Ltd.*, 369 S.W.3d at 811.

Mabon Limited hired new counsel, who unsuccessfully pursued a restricted appeal. Counsel then filed a bill of review, claiming no notice of the trial setting or of the default judgment. The trial court denied the bill of review, but the court of appeals reversed and remanded. On remand, the trial court granted the bill of review, vacated the default judgment, and ordered the parties to return to their original status. Because the trial court found Mabon Limited had no actual or constructive notice of the trial setting or default judgment, it was determined that it was relieved of proving the first two bill of review elements, and the third element—lack of negligence—was conclusively established as a matter of law. *Id.* at 811.

There is no question that Mabon Limited's attorney was negligent. Even though the lawyer received the notice of trial setting, he failed to appear. Counsel likewise took no action after receiving the notice of default judgment. His client was unaware of these events. On appeal, the high court framed the issue as "whether a corporation seeking a bill of review is required to prove its diligence in monitoring the status of its underlying case when that bill-of-review plaintiff was represented by counsel but proves that, *through no fault of its own*, it did not receive notice of the trial setting that led to a default judgment." *Mabon Ltd.*, 369 S.W.3d at 810 (emphasis added). In *Mabon Ltd.* the Texas Supreme Court did not impute the negligence of

14

counsel to Mabon.[12]  *Id.* at 813.  The apparent explanation of that is that notice given to an attorney who is suspended or disbarred is not imputed to his or her client.  *Valdez v. Robertson*, 352 S.W.3d 832, 834 (Tex. App.—San Antonio 2011, no pet.); *Afri-Carib Enters., Inc. v. Mabon Ltd.*, 287 S.W.3d 217, 220 (Tex. App.—Houston [14th Dist.] 2009), *rev'd on other grounds*, *Mabon Ltd.*, 369 S.W.3d 809; *see also Leon's Fine Foods of Tex. v. Merit Inv. Partners*, 160 S.W.3d 148, 154 (Tex. App.—Eastland 2005, no pet.); *J.J.T.B., Inc. v. Guerrero*, 975 S.W.2d 737, 739 (Tex. App.—Corpus Christi 1998, pet. denied); *Cannon v. ICO Tubular Servs.*, 905 S.W.2d 380, 387 (Tex. App.—Houston [1st Dist.] 1995, no writ), *abrogated on other grounds*, *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308 (Tex. 2000); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Here, there is no evidence, or even suggestion, that Elkins was not authorized to practice law.  The jury was properly instructed according to the generally prevailing rule that "[a]n attorney is the agent of his client.  A client is bound by the acts and/or omissions, if any, of his attorney in the course of the attorney's representation of his client."  Even though a bill of review is an equitable proceeding, the fact that an injustice occurred is not sufficient to justify relief by

---

[12]The court stated, "[N]othing in the record suggests that Mabon was negligent in its failure to receive notice of the trial setting or default judgment.  The law requires no further showing of diligence."  *Mabon Ltd.*, 369 S.W.3d at 813.  The court determined that,

> [b]ecause Mabon proved that (1) it had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice *was not because of its own fault or negligence*, the first two traditional bill-of-review requirements—that Mabon show proof of a meritorious defense to the underlying cause of action, which it was prevented from making by fraud, accident, or wrongful act of the opposing party or by official mistake—are rendered unnecessary, and the final traditional requirement—lack of negligence—is conclusively established.

*Id*. (emphasis added).

15

bill of review. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam). A client is bound by the acts of his or her attorney, and attorney negligence is not a sufficient ground to support a bill of review. *Gracey*, 422 S.W.2d at 916 (holding attorney's negligence in failing to prosecute lawsuit not ground for setting aside judgment dismissing cause for want of prosecution because "'as long as the attorney-client relationship endures, with its corresponding legal effect of principal and agent, the acts of one must necessarily bind the other as a general rule.'") (quoting *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 568 (Tex. 1962)); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003) (allegations of fraud or negligence by party's attorney are insufficient to support bill of review); *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987) (same).

Therefore, even if Saint did not receive notice, in light of the fact that counsel failed to apprise the trial court of a correct current address, Saint's due-process claim fails. *See, e.g.*, *Carroll*, 514 S.W.2d at 246; *Gracey*, 422 S.W.2d at 918–19.[13]

---

[13]While caselaw is not entirely clear and consistent in the analysis supporting a denial or affirmance of a bill of review in the case of lack of notice, *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam), is instructive. In *Cullever*, the sufficiency of a certificate of service from the Secretary of State to support a default judgment was at issue. After unsuccessful attempts to serve Campus Investments at its registered address, the plaintiffs requested service on the Secretary of State pursuant to the Business Corporation Act. The Secretary of State issued a certificate that he had received and forwarded a copy of the citation and second amended original petition to Campus Investments by certified mail, which was returned, marked "Attempted -- Not Known." *Id*. at 465. After this certificate, but no citation or return, had been on file more than ten days, the plaintiffs obtained a default judgment, which was upheld on appeal. The high court determined, "A certificate like the one here from the Secretary of State conclusively establishes that process was served . . . . As the purpose of Rule 107 is to establish whether there has been proper citation and service, the Secretary's certificate fulfills that purpose." *Id*. at 466. The court recognized that

> service of a defective citation through substituted service on the Secretary of State could mislead a defendant and lead to an improper default judgment. In such cases, a defendant may bring a bill of review and establish those facts. *Caldwell v. Barnes*, 975 S.W.2d 535, 537, 539 (Tex. 1998) (holding affidavits filed in bill of review proceeding corroborating lack of service raised fact question for trial). But Campus was not misled here because – as it had failed to update addresses

16

*(2)      Saint Was Required to Show Lack of Negligence*

The jury determined that Saint's case was dismissed as the result of an official mistake by the court.  In view of this finding, Saint claims to have only the burden to show that the judgment was not entered as a result of her intentional or conscious indifference, as opposed to having to show lack of negligence.  *See Craddock*, 133 S.W.2d at 124.  Bledsoe, on the other hand, claims that official mistake is simply a surrogate for proof of the opponent's fault under the second bill of review requirement and that Saint must show that Saint's negligence did not contribute to the loss of the underlying claim.  Bledsoe is correct.

In claiming that the *Craddock* standard supersedes the traditional bill-of-review requirements, Saint relies on *Hanks v. Rosser*, 378 S.W.2d 31 (Tex. 1964).  *Hanks* did not involve a typical bill of review.  When Hanks failed to answer the lawsuit, Rosser took a default judgment.  While a motion for new trial would have still been timely, Hanks contacted the clerk, who incorrectly told him that a judgment had not been entered.  Thus, Hanks filed an answer.  In reality, a default judgment had been entered the previous day.  Had Hanks known this, he would have filed a motion for new trial instead of an answer.  *Hanks*, 378 S.W.2d at 33.

Hanks filed a bill of review, claiming that he was precluded from filing a motion for new trial because he relied on false information from the clerk.  The high court ultimately agreed that

---

for its registered agent and registered office – it never received anything the Secretary sent. Accordingly, Campus was negligent in failing to comply with its statutory duties. . . . We hold there is some evidence to support the trial court's denial of the bill of review.

*Id*. In *Cullever*, the corporate defendant was statutorily required to have its current address on file with the Secretary of State. *Cullever*, 144 S.W.3d at 466; *see* TEX. BUS. ORGS. CODE ANN. § 5.201 (West 2012). Here, Saint had a continuing obligation under Rule 21a of the Texas Rules of Civil Procedure to keep the court and parties apprised of a correct and current address. *See Withrow*, 13 S.W.3d at 41.

17

the clerk's misinformation, which deprived Hanks of the opportunity to file a motion for new trial, was actionable by bill of review. The high court held that, "[s]ince there was a reliance on the erroneous information given by the clerk, it was unnecessary for Hanks to show . . . some accident, fraud, or wrongful act of the opposing party." *Id*. at 34.

The court recognized that the erroneous information from the clerk did not prevent Hanks from filing a timely answer. Instead, the erroneous information caused Hanks to miss his chance to file a motion for new trial after the default judgment. The court further recognized that, even under the expanded second requirement (official mistake negates need to show accident, fraud, or wrongful act of opposing party), a bill of review could not be granted because the information from the clerk did not prevent Hanks from filing an answer and thereby advance a meritorious defense to the cause of action alleged to support the judgment. The court, believing this result to be inequitable, *arguably* devised a new test.[14] *Hanks*, 378 S.W.2d at 34–35.

Under the "new test," a bill-of-review plaintiff could succeed by alleging and proving: (1) a failure to file a motion for new trial, (2) misinformation of an officially acting officer of the

---

[14]Certain commentators do not believe a new test was devised. Instead, it is posited that the lost opportunity to file an equitable motion for new trial merely represented a new and different application of the traditional "meritorious defense" prong that is asserted when a bill-of-review plaintiff was prevented from filing an answer. Roger S. Braugh, Jr. & Paul C. Sewell, *Equitable Bill of Review: Unraveling the Cause of Action that Confounds Texas Courts*, 48 BAYLOR L. REV. 623, 650 (1996). Thus, in place of a meritorious defense, Hanks could assert the loss of a meritorious equitable motion for new trial. *Id*.

> In *Hanks*, the Texas Supreme Court accepted two propositions: (1) that bill of review plaintiffs could assert a lost meritorious equitable motion for new trial, in addition to a meritorious defense, as the lost meritorious opportunity in bill of review element one and (2) that bill of review plaintiffs could complain of official errors, in addition to the fraud, accident, or mistake of the opposing party, that caused the loss of the meritorious opportunity asserted in bill of review element one.

*Id*. at 672.

18

court causing the failure to file the motion, and (3) the three *Craddock* requirements that must be proved in order to have a new trial granted where there has been a default judgment—namely (a) the failure to answer the petition was not intentional or the result of conscious indifference, (b) defendant had a meritorious defense to the cause of action alleged to support the judgment, and (c) no injury will result to the opposing party by granting the bill of review. *Id.* at 34–35. Essentially, the high court determined that, in examining whether Hanks was negligent in failing to answer the petition, such negligence should be determined by the standard for negligence of the nonanswering defendant in a motion-for-new-trial situation rather than by the standard of negligence in a typical bill of review proceeding. *Id.*; *see also McDaniel v. Hale*, 893 S.W.2d 652, 659 (Tex. App.—Amarillo 1994, writ denied) ("The *Hanks v. Rosser* opinion effectively put the bill of review plaintiff in the same position he would have been in had he received correct information from the court clerk and filed a timely motion for new trial.")

Ten years after *Hanks*, the Texas Supreme Court decided the *Carroll* case, involving a bill of review after a full trial. In that case, the clerk failed to notify the defendant that the judgment had been signed. Nevertheless, the high court determined the plaintiff "had the burden of showing that its failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of it or its counsel." *Carroll*, 514 S.W.2d at 244. The primary distinction between *Carroll* and *Hanks* is that the complainant in *Hanks* did not answer the original lawsuit and suffered a default judgment while the complainant in *Carroll* actually participated in trial. While the *Carroll* court did not require the plaintiff to show a wrongful act of the opposing party

19

(as was true in *Hanks*) the court nevertheless required Petro-Chemical to prove it was free from fault or negligence. *Carroll*, 514 S.W.2d at 244–46.

> The Amarillo court, in analyzing these opinions, came to this conclusion:

> [The high court] has enunciated different rules in the two situations. . . . In a default judgment situation, a litigant who has been prevented from filing a motion for new trial or perfecting an appeal must meet the liberalized requirements of *Hanks v. Rosser*. In a situation where the parties have participated at trial and the losing party has been prevented from filing a motion for new trial or perfecting an appeal, the requirements set forth in *Petro-Chemical* control.

*McDaniel*, 893 S.W.2d at 662.[15] Later cases have followed this interpretation of *Hanks* and *Carroll*. *See Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.) (where parties have participated at trial and losing party prevented from filing motion for new trial or perfecting appeal, bill-of-review petitioner must show lack of negligence); *In re Marriage of Dixon*, No. 12-10-00384-CV, 2011 WL 2119647, at *2 (Tex. App.—Tyler May 25, 2011, no pet.) (mem. op.) (bill of review predicated on clerk's failure to send notice to each party of entry of final judgment must show that failure to file motion for new trial or appeal was not due to fault or negligence of bill-of-review plaintiff; no meritorious ground to appeal); *Amer v. Rozicki*, No. 05-09-01244-CV, 2011 WL 904404, at *1 (Tex. App.—Dallas Mar. 16, 2011, no pet.) (mem. op.) (where losing party at trial was prevented from filing motion for new trial or appeal, such party must plead and prove failure to file motion or appeal was unmixed with any fault or negligence on his part; dismissed for want of jurisdiction); *see also Cannon v. TJ Burdett & Sons*

---

[15]Under *Carroll*, the bill of review plaintiff is required to allege and prove (1) a failure to file a motion for new trial or a failure to advance an appeal, (2) caused by the failure of the court clerk to give the required notice that a judgment had been signed; (3) unmixed with any fault or negligence of its own; and (4) a meritorious ground of appeal (prima facie proof). *Carroll*, 514 S.W.2d at 244–46.

*Recycling*, No. 01-08-00380-CV, 2009 WL 276797, at \*4 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.).

Even assuming *McDaniel* is correct in finding that *Hanks* devised a "new test," that test applies, if at all, only in a default judgment situation. Because this case does not involve a default judgment, *Hanks* (as interpreted by *McDaniel*) does not apply. The instant case better fits with *Carroll*, because there was initial service of process and the parties were engaged with one another in the litigation. The "new test," arguably enunciated in *Hanks*, would therefore not apply.[16] Assuming *Hanks* stands for the proposition that bill-of-review plaintiffs are permitted to complain of official errors, in addition to the fraud, accident, or mistake of the opposing party, that caused the loss of the meritorious opportunity to file a motion for new trial, Saint must nevertheless prove such lost opportunity was unmixed with any fault or negligence by Saint. *Carroll*, 514 S.W.2d at 244–46. The jury's finding of official mistake did not relieve Saint of the burden of showing lack of negligence.

*(3)    The Jury's Affirmative Finding of Negligence Is Supported by Sufficient Evidence*

Saint apparently contends evidence of negligence does not support the judgment of dismissal. While Saint does not precisely phrase the complaint in this way, we understand this complaint as an attack on the sufficiency of the evidence.

In addressing this contention, given that it is from a denial of a bill of review, we examine the finding of negligence for an abuse of discretion; in this context, legal and factual

---

[16]Bledsoe interprets *Hanks* differently than *McDaniel* and its progeny. Bledsoe also relies on *Gracey*. *Gracey*, 422 S.W.2d at 918–19. In that case, the claimant lost a meritorious motion to reinstate as the result of counsel's own neglect. There, the high court reaffirmed the bill of review elements and explained *Hanks* as holding only that a finding of official mistake could substitute for the showing of fraud, accident, or wrongful act necessary to the second bill-of-review element. *Id.* at 915.

sufficiency of the evidence are not independent grounds of error but are merely factors to be assessed in determining if the trial court abused its discretion. *Garza*, 166 S.W.3d at 810. In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment. *Id.* at 811. If some probative and substantive evidence supports the jury's findings, the trial court did not abuse its discretion. *Id.*

Saint details three methods that were employed to ensure receipt of mail after Elkins' latest move. First, a forwarding order was filed with the United States Postal Service. Second, Elkins instructed his staff to send notice of a new address to all counties and courts where firm cases were pending. Finally, Elkins' staff regularly checked the mail receptacle for his previous office location to pick up any mail that was left there.

Contrarily, Bledsoe presented evidence that Elkins' office failed to notify the district clerk of his last change of address to 12700 Hillcrest Road. The deputy district clerk testified that the case contained no information about the Hillcrest Road address. The most recent address in the file for Elkins was that of his former office at 700 North Pearl Street. Lacking knowledge of counsel's move, court personnel sent the notice of intent to dismiss to the most recent address in the file. As previously discussed, Rule 21a, requiring notices in a judicial proceeding to be sent to the party's last known address, "impos[es] a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address." *Withrow*, 13 S.W.3d at 41; TEX. R. CIV. P. 21a. The failure to exercise reasonable care in fulfilling this duty is

22

negligence and will bar relief by bill of review. *See Cullever*, 144 S.W.3d at 466. The jury's

negligence finding is supported by probative and substantive evidence.[17]

---

[17]In a variation of the first argument, Saint contends that, since Elkins never received the dismissal order, the lack of negligence is conclusively established. The dismissal order was signed August 4, 2010. There is no dispute that Saint did not receive a copy of the order and learned of its entry only in February 2011. Elkins testified that he could not explain why he did not receive the order. At trial, Saint introduced a letter dated November 24, 2010, from opposing counsel (Dennis Black) to the Upshur County District Clerk, seeking a copy of the dismissal order of August 4, 2010. This letter would seem to indicate that a copy of the dismissal order was not sent to either party, as a matter of course. Black testified that he was present at the August 4 dismissal hearing, but did not receive a copy of the dismissal order in August. He further testified that it was his understanding "that they send the notices out but that *you have to ask for a copy of the order later*, which I later learned. I didn't know that at the time." (Emphasis added.). At oral argument, counsel explained that the notice Black referenced was a notice from the district clerk's office indicating entry of the dismissal order. There is no evidence in the record regarding Saint's receipt, or lack thereof, of this notice of the dismissal.

The jury determined that the dismissal did not occur without negligence on the part of Saint and her attorney. However, the jury also found that Saint was negligent in failing to receive the order of dismissal within a reasonable time period following the issuance of the order. The evidence indicates that the parties had to request copies of the order. The docket entry for August 4, 2010, is stamped "DISMISSED FOR WANT OF PROSECUTION" and does not indicate a copy of the order was mailed to anyone.

"When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed . . . ." TEX. R. CIV. P. 306a(3). Rule 306a(4) provides that, if, within twenty days after the order is signed, a party adversely affected by the order has not received the required notice or actual knowledge of the order, then the timetables for filing a motion for new trial, or to vacate, modify, correct, or reform the order, or to file a motion to reinstate a case dismissed for want of prosecution, shall run on the date notice or actual notice occurs, but "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a(4). Assuming the clerk failed to provide such notice, such failure could have resulted in a missed opportunity to file an equitable motion for new trial. While the record fails to show that a copy of the dismissal order was mailed to Saint, it is silent with respect to whether the clerk provided Saint notice "by first-class mail advising that the judgment or order was signed . . . ." TEX. R. CIV. P. 306a(3).

*Carroll* involved a somewhat similar situation. There, the plaintiff submitted a proposed judgment for entry by the trial judge, which was signed without notice to the defendant. *Carroll*, 514 S.W.2d at 242. Furthermore, notice that the trial judge had signed the judgment was not mailed to the defendant as required by former Rule 306d (now Rule 306a(3)). *Id*. at 242. As previously discussed, the *Carroll* court held that the "defendant had the burden of showing that its failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of defendant or its counsel." *Id*. at 246. The failure of the clerk to send notice of the judgment is equivalent to official mistake. *Id*. at 244–45. *Carroll* was reversed with an order to remand to the trial court to determine negligence issues. *Id.*

Bledsoe addresses this issue by pointing out that Saint failed to prove (or secure a jury finding establishing) that any official mistake caused the failure of notice that the personal injury suit had been dismissed. Thus, he claims, official mistake in failing to send notice of the dismissal order cannot now be inferred against the trial court's judgment. *See* TEX. R. CIV. P. 279 (issues omitted from charge without objection can be implied, if at all, only in favor of the judgment). In a question Saint proposed, the jury was asked if "Anita Saint, or Jonathan Saint, or both of them, were negligent in failing to receive the Order of Dismissal. . . ." The jury answered, "We Do." This finding precludes bill-of-review relief respecting lack of notice of the dismissal order. In *Lowe v. United States Shoe Corp*., 849 S.W.2d 888 (Tex. App.—Houston [14th Dist.] 1993, writ denied), the bill-of-review plaintiff

*(4)     No Charge Error Was Preserved*

Saint complains that the second question in the jury charge was improper as a matter of law because it assigned negligence to a nonparty (counsel for Saint). Additionally, Saint contends that "Bledsoe's counsel presented the jury with an incorrect diligence requirement standard for bill-of-review plaintiffs who have been the victim of 'official mistake.'" While each of these complaints is listed as an "issue presented," neither was mentioned in the body of the brief itself. Because neither of these issues was briefed to this Court, they have been waived. The brief must contain a clear and concise argument for contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i); *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

---

received notice of the intent to dismiss, but mistakenly believed the notice applied to a different case (no case name was listed). Thus, a motion to retain was filed on a different case, but not on the case that was actually dismissed. Notice, however, was received. The attorney simply was mistaken about which case it applied to. *Lowe*, 849 S.W.2d at 889. So, the due-process argument did not save the day. Lowe also claimed that, since she did not receive actual notice of the dismissal, her bill of review should have been granted. The appellate court disagreed, stating, "It is only necessary that there be notice of either the intent to dismiss or the order of dismissal." *Id*. at 891. The Corpus Christi court took issue with *Lowe* in *Gutierrez*, 960 S.W.2d at 216:

> The *Lowe* majority was wrong in two respects: First, the statement, "[i]t is only necessary that there be notice of either the intent to dismiss or the order of dismissal," purports to follow pre-*Peralta* authority. *Lowe*, 849 S.W.2d at 891 (citing *Copeland Enterprises*, 683 S.W.2d 596). Second, the majority determines that *Peralta* "simply ha[s] nothing to do with . . . this case." *Lowe*, 849 S.W.2d at 890.

Even though *Gutierrez* is critical of *Lowe*, it nevertheless recognized that, even if the order was not mailed, there must be proof that "the dismissal of Gutierrez's suit was 'unmixed' with any fault or negligence on her own part." *Id*. at 215–16. *Carroll* also supports this conclusion. "A bill of review may be predicated on the clerk's failure to send the [required] notice." *Carroll*, 514 S.W.2d at 245. Even in this situation, though, the plaintiff must show "that its failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of [it] or its counsel." *Id*.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


CONCURRING OPINION

Saint's attorney's original address was 600 North Pearl Street, Suite 2250. He moved to 700 North Pearl Street, Suite 2150, and gave notice of the change of address to the district clerk's office. When the clerk sent the notice to dismiss to Saint's attorney, it was addressed only to 700 North Pearl Street, Dallas, Texas 75201—the suite number was omitted. Saint's attorney did not receive that notice. The jury found that Saint's case was dismissed as the result of official mistake by a court official.

We are advised that 700 North Pearl Street is the physical location for a large building in downtown Dallas which has many floors and many offices. When the attorney moved the second time, he filed a forwarding order with the United States Postal Service, which was in effect during the time the dismissal notice was sent. As a result of the forwarding order, the attorney received mail properly addressed to the 700 North Pearl Street address. But he did not get this notice of dismissal from the district clerk's office as it was improperly addressed.

The fact that the attorney moved his office a second time did not cause the clerk to improperly omit the suite number. Omitting a suite number for a large office building in a metropolitan area almost guarantees that the mail will not be delivered. Had the attorney still

25

occupied Suite 2150 at 700 North Pearl Street, it is reasonably certain that he would not have received the notice of dismissal addressed only to a person in a tall building in downtown Dallas.

Yet, the jury answered, "No" when asked if Saint's case was dismissed without negligence on the part of their attorney. To reach this conclusion, the jury must have found that the failure to apprise the clerk's office of the new address was negligent conduct and that if the clerk's office had been so advised, the notice would have been sent to the proper new address, even though the office did not correctly send the notice to the address it then had on file.

Giving proper deference to the jury verdict, I am compelled to agree with the result of this case. The jury essentially found that negligent conduct by both the district clerk's office and Saint's attorney resulted in Saint's failure to receive the notice. I concur in the result. [18]

Jack Carter<br>
Justice

Date Submitted:     September 18, 2013
Date Decided:      October 30, 2013

---

[18]This case is factually similar to *Mabon Ltd. v. Afri-Carib Enterprises*, 369 S.W.3d 809 (Tex. 2012). There, the attorney was negligent in many respects, but, since the attorney was suspended from practice, his negligence was not imputed to his clients. They were successful in a bill-of-review motion. *Id.* at 811. It is ironic that the person who hired an attorney who violates professional Rules of Conduct is given a new trial while the one employing an attorney abiding by the professional rules has his case dismissed with prejudice.