

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00077-CV

_____

JACOB T. JONES, Appellant

V.

SERVICE CREDIT UNION, Appellee

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV 42,210

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Jacob T. Jones failed to repay his automobile loan with Service Credit Union (SCU), prompting them to file suit against him. After Jones allegedly failed to respond to requests for admissions, Service Credit Union filed a traditional motion for summary judgment, which the trial court granted. Alleging that he did not receive either (1) the notice of submission of the summary judgment motion or (2) the trial court's final judgment in the underlying case until after the court's plenary power had expired, Jones initiated a separate bill of review proceeding. The trial court denied Jones' petition for bill of review. Because we conclude that there was no abuse of discretion in the trial court's finding that Jones could not show the lack of fault or negligence requirement for obtaining a bill of review, and because Jones had legal remedies available to him at the time he filed this action, he was not entitled to a bill of review, and the trial court did not abuse its discretion in denying Jones' petition. Accordingly, we affirm the trial court's ruling.

## I. Factual and Procedural Background

On March 8, 2013, SCU filed a suit against Jones after he stopped making payments on his automobile loan.[1] The petition was verified by Joanne Cloutler, who swore that the principal balance of the loan was $21,318.38; that demand for payment was made thirty days before the execution of the affidavit; that the principal amount was just, true, and due; and that all just and lawful offsets had been made. Cloutler's affidavit also authenticated several attachments related to the loan transaction, including a copy of Jones' loan application, the loan note signed by Jones, and Service Credit Union's demand for payment.

---

[1]SCU's petition included claims for breach of contract and suit on sworn account. *See* TEX. R. CIV. P. 185.

Jones was properly served on March 29, 2013. Representing himself, Jones filed an unverified, unsigned answer that stated merely, "**Answer: Deny all allegations**."

On October 30, 2013, Service Credit Union filed a traditional motion for summary judgment arguing that it was entitled to judgment on its suit on sworn account claim because Jones had not filed a verified denial and had failed to respond to requests for admissions, which were over ninety days past due.[2] SCU supported its motion for summary judgment with (1) the requests for admissions sent to Jones, (2) the documentation supporting the suit on sworn account claim, (3) Cloutler's affidavit, and (4) an affidavit of attorney fees stating that the reasonable and necessary fees incurred by Service Credit Union totaled $3,500.00.[3]

Without a hearing, the trial court granted Service Credit Union's motion for summary judgment on February 20, 2014. The trial court's final judgment bore a file stamp of February 20, 2014, but contained a typographical error stating that it was signed on February 20, 2013, before Service Credit Union filed its lawsuit.[4] The final judgment awarded Service Credit Union the

---

[2]Under Rule 185 of the Texas Rules of Civil Procedure, a verified petition in a proper suit on sworn account case constitutes prima facie evidence of the sworn account, creating an evidentiary presumption in its favor. *See Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.). "'[I]f the defendant fails to file a written denial under oath and in the form required by Rules 185 and 93(10), he may not dispute the receipt of the items or services or the correctness of the amount charged either in whole or in part.'" *Sundance Res., Inc. v. Dialog Wireline Servs., L.L.C.*, No. 06-08-00137-CV, 2009 WL 928276, at *3 (Tex. App.—Texarkana Apr. 8, 2009, no pet.) (mem. op.) (quoting *Airborne Freight Corp. v. CRB Mktg., Inc.*, 566 S.W.2d 573, 574 (Tex. 1978); *Requipco, Inc. v. Am–Tex Tank & Equip., Inc.*, 738 S.W.2d 299, 302 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)). "Essentially, failure to file a sworn denial of a verified account 'amounts to an admission that the account is correct.'" *Id.* (quoting *Akins v. Coffee*, 376 S.W.2d 953, 954 (Tex. Civ. App.—Dallas 1964, writ dism'd)).

[3]SCU's counsel also swore that he served Jones with the requests for admissions via certified mail, return receipt requested, and first-class mail.

[4]In a separate point on appeal, Jones argues that the trial court "erred in refusing to vacate" its final judgment because this clerical error resulted in a void judgment. Jones has failed to provide this Court with authority supporting his argument. Routinely, clerical errors, such as the one made in the final judgment, can either be corrected by a judgment nunc pro tunc or by an appellate court's modification of the judgment. *See In re J.M.*, 287 S.W.3d 481, 492 (Tex.

3

principal sum of $21,318.38, court costs of $345.00, pre-judgment interest at the rate of 8.7 percent per annum, and attorney fees in the amount of $3,500.00. On February 27, 2014, the district clerk sent Jones notice of the final judgment at the address listed in the court's file.

Jones did not appeal, allegedly because he failed to receive notice of the final judgment until after the trial court's plenary power expired. Accordingly, on May 28, 2014, Jones filed a bill of review with the trial court, which argued (1) that a default judgment was improperly taken against him because Service Credit Union failed to provide him notice of a final hearing and (2) that the trial court's final judgment was void because its date preceded the date Service Credit Union filed its petition.[5]

At the bill-of-review hearing, Jones' counsel acknowledged that Jones was served with the summary judgment motion, but argued that the motion was not set for a hearing and that Jones was not otherwise provided with notice of the date the trial court would submit the matter for decision. The trial court clarified that no hearing was set on the motion for summary judgment.[6]

---

App.—Texarkana 2009, no pet.). Because the clerical error in the judgment does not render it void, we overrule this point of error. We also note that we may not modify the trial court's final judgment in the underlying cause in this appeal because a bill of review is a separate proceeding from the underlying case, and the judgment being appealed here is the denial of the bill of review, not the underlying judgment entered in the underlying cause.

[5]Also, because SCU did not respond to Jones' bill-of-review petition, Jones moved for default judgment on June 25, 2014. In overruling Jones' motion for reconsideration of the denial of the petition for review, the trial court overruled Jones' argument that it was entitled to a default judgment against SCU because it failed to respond to Jones' petition for bill of review. SCU's failure to answer did not relieve Jones' burden to establish that he met the bill-of-review requirements.

[6]The trial court also indicated that it should have had a hearing on the motion for summary judgment.

4

Jones also testified at the hearing that he first acquired actual knowledge of the judgment against him on April 28, 2014. He further requested that the trial court take judicial notice that the judgment was signed on February 20, 2014, and the trial court did so.

Jones attempted to explain why he had failed to appeal the trial court's judgment. He explained that the address in the court's file was his mother's address and that he used that address when he was in the military. Jones claimed that, although the final judgment was sent to his mother's address, he did not receive it because he had moved. On the record, the trial court noted that although Jones claimed he "told someone on the phone that [he] was moving," Jones had not given the trial court any notice that he was moving or had moved. When pressed by the trial court, Jones testified that he did not receive any of the court's notices because (1) he was not picking up his mail at the old address and (2) his mother did not let him know that he had received the important documents in the mail. Jones told the trial court, "I could have received mail at th[e] address" the court had on file.

In denying Jones' bill of review, the trial court found that Jones received notice of the final judgment in February 2014, and that he failed to timely exhaust available remedies.[7] In its written findings of fact, the trial court found the following:

> On October 24, 2013, Plaintiff served defendant with a motion for summary judgment, or in the alternative, motion for default judgment. The motion was filed with the clerk on October 30, 2013. The motion was in proper form with exhibits attached, including, but not limited to a request for admission sent to Defendant on June 19, 2013. There is no evidence Defendant responded to the request.

---

[7]Jones filed a motion for reconsideration of this ruling. After a hearing, the trial court denied Jones' request.

On February 20, 2014, the trial court granted Plaintiff's Motion for Summary Judgment without hearing and further entered a separate final judgment in favor of Plaintiff.

In compliance with Tex. Rules of Civil Procedure 306a(3), the clerk of the court immediately sent notice of court order and a copy of the order granting summary judgment and final order on February 27, 2014.

Jacob T. Jones, Defendant, failed to pursue a motion for new trial or any post-judgments remedies which may have been available to him during the plenary jurisdiction of the trial court. [8]

Jones argues that the trial court erred in denying his bill of review.

## II.     Standard of Review on Denial of Bill of Review

"A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *see Saint v. Bledsoe*, 416 S.W.3d 98, 102 (Tex. App.—Texarkana 2013, no pet.); TEX. R. CIV. P. 329b(f). "A bill-of-review plaintiff must ordinarily prove '(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part.'" *Saint*, 416 S.W.3d at 102 (quoting *Caldwell*, 154 S.W.3d at 96).

However, "those not properly served have no duty to act, diligently or otherwise." *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006). Thus, "when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving

---

[8]In its conclusions of law, the trial court found that Jones did not put forth a meritorious defense. As discussed below, Jones was not required to show that he had a meritorious defense to SCU's claims.

6

the first two elements set out above." *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *see Caldwell*, 154 S.W.3d at 96. Lack of fault or negligence must nevertheless be proved. *Caldwell*, 154 S.W.3d at 96–97.

"In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Saint*, 416 S.W.3d at 101. A trial court abuses its discretion only "if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles." *Id.* at 101–02 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). "Because it is fundamentally important that finality be accorded to judgments, bills of review are always watched by courts of equity 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Id.* at 102 (quoting *Ponsart v. Citicorp Vendor Fin., Inc.*, 89 S.W.3d 285, 288 (Tex. App.—Texarkana 2002, no pet.)).

**III.    Analysis**

First, Jones argues that because he proved the absence of notice of a dispositive trial setting, he is relieved from proving the first two elements of a traditional bill of review. We agree.

"To be entitled to traditional summary judgment, a movant must comply with the requirements set forth in Rule 166a(c)." *In re Estate of Valdez*, 406 S.W.3d 228, 232 (Tex. App.—San Antonio 2013, pet. denied). The deadlines to file and respond to a motion for summary judgment are calculated from the date of the summary judgment hearing or its submission date.

TEX. R. CIV. P. 166a(c).[9]  "Generally, a trial court errs when it fails to give notice of the submission date for a motion for summary judgment."  *Valdez*, 406 S.W.3d at 232 (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam)).  "The rationale for requiring such notice is that without notice of the submission date, 'the nonmovant cannot know when the response is due.'"  *Id.*  (quoting *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—Tyler 2005, no pet.); *accord Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998).

The trial court did not hold a hearing on the motion for summary judgment,[10] and there is no evidence in the appellate record indicating that the trial court set the matter for submission or sent Jones notice of the date of submission.  Accordingly, Jones was not required to prove that he was prevented from bringing a meritorious defense to the underlying cause of action by fraud, accident, or wrongful act of the opposing party or by official mistake.

However, "even though a bill of review is an equitable proceeding, the fact that an injustice occurred is not sufficient to justify relief by bill of review."  *Saint*, 416 S.W.3d at 108 (citing

---

[9]This Rule states,

> Except on leave of court, with notice to opposing counsel, [a motion for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.  Except on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response.

TEX. R. CIV. P. 166a(c).

[10]To the extent Jones' brief can be read to complain about the lack of a hearing, we note that "[b]y its plain language, Rule 166a(c) does not require an oral hearing on a motion for summary judgment."  *Valdez*, 406 S.W.3d 232 (citing *Martin*, 989 S.W.2d at 359.  Thus, "[t]he trial court may rule on a motion for summary judgment based solely on written submissions."  *Id.* (citing *In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding); *Martin v. Cohen*, 804 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1991, no writ)).  Nevertheless, "[a]lthough an oral hearing on a motion for summary judgment is not required, notice of the submission date is."  *Id.* (citing *Martin*, 989 S.W.2d at 359).

*Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam)). Jones was still

required to show a lack of fault or negligence because

> [n]o rule of law is better settled than the one that a court of equity will not set aside
> a final judgment in a former action when the failure to have a full and fair
> presentation of the case therein resulted from the negligence, inadvertence or
> mistake either of the party seeking the relief or his counsel.

*Id.* at 107 (quoting *Petro–Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974*)*; *Kelly*

*v. Wright*, 188 S.W.2d 983, 986 (Tex. 1945)).[11]

Where "the bill-of-review plaintiff's alleged lack of notice is at least partly his or her own

fault, there is no due-process issue." *Id.* at 106 (citing *Carroll*, 514 S.W.2d at 246; *Gracey v. West*,

422 S.W.2d 913, 918–19 (Tex. 1968)). Our opinion in *Saint* aids our analysis in this case. In

*Saint*, the plaintiffs learned of the dismissal of their lawsuit for want of prosecution more than six

months after their suit was dismissed. *Id.* at 100. Alleging that they had received no notice of the

trial court's intent to dismiss the suit or of the subsequent dismissal order, they filed a petition for

bill of review. *Id.* At the trial on the bill of review, it was established that the plaintiffs' counsel

had moved offices and had failed to update his address with the trial court. *Id.* at 101. Counsel

was still receiving mail at his old address, but did not receive critical notices due to the clerk's

mistake in failing to include the suite number in counsel's old address. *Id.* On those facts, we

determined that, in spite of the clerk's error, counsel would have received the notices if he had

---

[11]Relying on language from *Caldwell*, Jones argues that he conclusively proved this element by showing that notice of the submission date was not mailed. In *Caldwell*, the Texas Supreme Court said, "An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense." *Caldwell*, 154 S.W.3d at 97. Because Jones was served with process and answered the underlying lawsuit, this was not a true default judgment, and the third element must be established.

simply updated his address with the court and that counsel's failure to do so demonstrated that the lack of notice was partly his fault. *Id.* at 108–09. Accordingly, we found that the plaintiffs could not complain of a due process issue and that the trial court properly dismissed the bill of review. *Id.*

Likewise, here, the clerk sent the notice of the final judgment to Jones at the address listed in the court's file. Jones testified that he could have received mail at that address, since it was his mother's address. The trial court reasoned that Jones did not get notice of the judgment due to his failure to apprise the trial court of his new address. On these facts, we cannot find that the trial court abused its discretion in ruling that Jones failed to prove lack of fault or negligence on his part.

Moreover, "[i]f a petitioner has ignored available legal remedies, a petition for bill of review will not be granted." *Jon v. Stanley*, 150 S.W.3d 244, 246 (Tex. App.—Texarkana 2004, no pet.). Jones argues that he first received notice of the summary judgment and the final judgment "sixty-eight days after the judgments were signed" and that he filed a petition for bill of review "on May 28, 2014, because it was the only option available to him to challenge the judgments from the underlying suit." We disagree.

Jones had several options. First, Jones could have employed Rule 306a to raise the arguments he made in his petition for bill of review in the underlying case. Generally, the date a judgment is signed "determine[s] the beginning of the periods . . . for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court" various post-judgment motions. TEX. R. CIV. P. 306a(1). However,

10

> [i]f within twenty days after the judgment . . . is signed, a party adversely affected by it . . . has neither received the notice [of the judgment] nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in [Rule 306a](1) shall begin on the date that such party . . . received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4). The trial court's final judgment was signed in February 2014. Jones discovered the existence of the judgment in April. Thus, he had the option to utilize Rule 306a's statutory mechanisms to file timely post-judgment motions.[12]

Second, if Jones decided not to employ Rule 306a, he could have filed, but failed to file, a restricted appeal. A party can prevail in a restricted appeal if

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).

Thus, Jones had legal remedies which he ignored. Jones' decision to foergo these avenues is fatal to his petition for bill of review. *See Herrera*, 11 S.W.3d at 927 (holding "[a] party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review"). Accordingly, the trial court did not abuse its discretion in denying Jones' petition for bill of review.

---

[12]*See Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (holding "[a] party who does not have actual knowledge of an order of dismissal within 90 days of the date it is signed cannot move for reinstatement [under Rule 306a and] . . . [his] only possible recourse is a bill of review"). Thus, a party who *does* have actual knowledge of a final judgment *can* move for reinstatement under Rule 306a. By his own testimony, Jones had actual knowledge of the final judgment within ninety days after it was signed.

## IV.    Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:    April 15, 2015
Date Decided:    June 10, 2015